## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRANDON SIBLEY | * | CIVIL ACTION No.: 23-00375 |
| | * | |
| VERSUS | * | JUDGE SHELLY D. DICK |
| | * | |
| CONTINENTAL LAND AND FUR, DEWAYNE CRAWFORD, R. PAUL LOVELESS, STATE OF LOUISIANA – WILDLIFE AND FISHERIES, AND JACK MONTEOUCET | * | MAG. JUDGE SCOTT D. JOHNSON |

\* \* \* \* \* \* \* \* \* \* \*   \*

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO REMAND

Defendants, Continental Land & Fur Co., Inc. ("CL&F"), Paul Loveless, and Dwayne Crawford (collectively "CL&F Defendants"), file this memorandum in support of their Motion to Remand, objecting to the improper Notice of Removal filed by their co-defendant, State of Louisiana through the Department of Wildlife and Fisheries ("LDWF"). As set forth below, the Court should remand this action because the CL&F Defendants do not consent to the removal, which lack of "unanimity" is fatal to the removal under federal law. *See Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015). In the alternative, the Court should sever and remand only the Plaintiff's claims against the CL&F Defendants because those claims are outside of the Court's "supplemental jurisdiction" under 28 U.S.C. §§ 1367(a) and 1441(c).

## **BACKGROUND**

This action arises from a "Complaint" filed in state court by the *pro se* plaintiff, Brandon Sibley, concerning a lease dispute between Mr. Sibley and CL&F. Specifically, CL&F leased a section of wetland property to Mr. Sibley in Terrebonne Parish, where Mr. Sibley moored his "homemade," motorless "houseboat" on land owned by CL&F. *See* Complaint at ¶ 6, 11, 91. After CL&F cancelled the lease in July 2022, Mr. Sibley refused to remove his houseboat from the leased premises, and CL&F filed a lawsuit against Mr. Sibley in the 32nd Judicial District Court for Terrebonne Parish,[1] seeking a declaration of CL&F's rights under the Lease ("CL&F's Lease Action").

Two months later, Mr. Sibley filed his "Complaint" in the 19th Judicial District Court for East Baton Rouge Parish to commence the instant lawsuit, alleging breach-of-contract and other state law claims against CL&F and its employees, Paul Loveless and Dwayne Crawford. *See* Complaint at Count II ("Breach of Contract"), III ("Tortious Interference"), and IV ("Negligence").[2] In addition to these claims against Defendants, the Complaint also names LDWF as a defendant, asserting a civil rights claim against LDWF under 28 U.S.C. § 1983 and the Fourth Amendment of the U.S. Constitution. *Id*. at Count I ("Unreasonable Seizure . . . Violation of the Fourth Amendment"). Specifically, the Complaint alleges that LDWF agents unconstitutionally seized Mr. Sibley's decapitated alligator head from the deck of his houseboat. *Id*. at ¶ 50, 73-75.

Mr. Sibley's Article 1983 civil rights claim against LDWF serves as the sole, purported "federal question" upon which LDWF bases its Notice of Removal. The Complaint does not assert

---

[1] CL&F's lawsuit is captioned *Continental Land & Fur Co., Inc. v. Brandon Sibley and Kelly Sibley*, Civil Action No. 195928, Division "E", 32nd Judicial District Court for Terrebonne Parish.
[2] The Complaint fails to state any viable cause of action against CL&F, Paul Loveless, or Dwayne Crawford.

Article 1983 claims against as the CL&F Defendants. Indeed, Defendants are a private corporation and private citizens, to whom Article 1983 and the Fourth Amendment do not apply.

## LAW AND ARGUMENT

**I.    The Court should remand this action because the CL&F Defendants do not consent to the removal.**

Under federal law, defendants seeking to remove an action on "federal question" grounds must obtain the "unanimous" written consent of their co-defendants. *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) ("The rule of unanimity requires that all defendants to an action either sign the original petition for removal or timely file written consent to the removal.").[3] Further, the party seeking removal on "federal question" grounds bears the burden of proving that removal is proper. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Because removal "raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Id.*; *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). LDWF has failed to carry its burden in this case. Under the law set forth below – which is strictly construed in favor of remand – LDWF's removal of this action is improper, and the Court should grant Defendants' motion to remand.

The "rule of unanimity" applies to all defendants for whom "the record shows an apparent completion of service of process," regardless of any service defects yet to be adjudicated in the state court. *Revilla v. H&E Equip. Servs., Inc.*, 2:20-CV-194, 2020 WL 9259087, at *1 (S.D. Tex. Oct. 6, 2020). *See also*, *Seguros Comercial Am., S.A. de C.V. v. Am. President Lines, Ltd.*, 934 F. Supp. 243, 245 (S.D. Tex.1996). In *Seguros*, the district court remanded an action due to the

---

[3] *See also,* 28 U.S.C. § 1446(b)(2)(A); *Collura v. Succession of James Anthony Collura*, CV 15-645-JJB-EWD, 2016 WL 4150032, at *4 (M.D. La. June 14, 2016), *report and recommendation adopted*, CV 15-645-JJB-EWD, 2016 WL 4157335 (M.D. La. Aug. 2, 2016); *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988); *Ross v. USA Football, Inc.*, CV 17-139, 2017 WL 695399, at *1 (E.D. La. Feb. 22, 2017).

removing defendant's failure to obtain the written consent of its co-defendant, for whom "purported service" had been made "at the time of removal." *Id.* (quoting *Hess v. Great Atlantic & Pac. Tea Co.*, 520 F.Supp. 373, 376 (N.D.Ill.1981)).[4] Moreover, if a co-defendant does not join in the notice of removal, the defendant seeking removal must "timely" file a "written indication" that the co-defendant "actually consented" to the removal. *See Harris v. Louisiana*, CV 22-897-SDD-RLB, 2023 WL 2418358, at *2 (M.D. La. Feb. 17, 2023), *report and recommendation adopted*, CV 22-897-SDD-RLB, 2023 WL 2418221 (M.D. La. Mar. 8, 2023) (*quoting Getty Oil Corp.*, 841 F.2d at 1262 n.11) (emphasis added).

Defendants CL&F, Paul Loveless, and Dwayne Crawford do not consent to this removal, and they have never given their consent to this removal. Defendants specifically object to the improper removal. LDWF has not carried – and cannot carry – its burden of establishing the "unanimity" required for removal on "federal question" grounds. LDWF cannot file a "written indication" of Defendants' consent because Defendants do not consent. Therefore, LDWF's Notice of Removal is deficient, and the Court should remand the action back to state court on these grounds alone.

**II.   Alternatively, the Court should sever and remand Mr. Sibley's claims against the CL&F Defendants because they have no substantial relationship to Mr. Sibley's claims against LDWF.**

LDWF seeks to remove this action based on alleged "federal question" jurisdiction. *See* Notice of Removal, p. 1. As set forth above, Mr. Sibley's claims against the CL&F Defendants arise solely from a lease dispute between Mr. Sibley. The only purported "federal question" in this case is Mr. Sibley's Fourth Amendment challenge against LDWF for its agents' allegedly

---

[4] Like the co-defendants in *Revilla* and *Seguros*, Mr. Sibley made "purported service" on Defendants on May 8, 2023, prior to the LDWF's filing its Notice of Removal. Defendants reserve their rights to challenge the legal sufficiency of Mr. Sibley's service upon remand and return to the trial court.

4

unconstitutional seizure of Mr. Sibley's decapitated alligator head.  Thus, even if Mr. Sibley's claims against LDWF satisfy the "federal question" threshold to fall within the Court's "original jurisdiction," the Court nonetheless lacks "supplemental jurisdiction" over Mr. Sibley's unrelated breach of contract claims against Defendants.

Under federal law, the Court has "original jurisdiction" over "federal question" claims and "supplemental jurisdiction" over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *See* 28 U.S.C. §§ 1367(a) and 1441.  Mr. Sibley's "breach of contract," "tortious interference," and "negligence" claims against Defendants are not within the Court's supplemental jurisdiction in this case because they are not "related" to Mr. Sibley's civil rights claim against LDWF and do not "form part of the same case or controversy."

Section 1441(c) prescribes the limits of "federal question" removal of actions (like this one) that join both state law and federal law claims against multiple defendants.  Under that provision, when a party removes action that joins both state law and federal law claims, "the district court ***shall sever*** from the action" all claims not within its "supplemental jurisdiction," and the district court "shall remand the severed claims to the State court from which the action was removed." *See* 28 U.S.C. § 1441(c).[5]

---

[5] *See* 28 U.S.C. § 1441(c) ("Joinder of Federal law claims and State law claims"):

> (1) If a civil action includes -- (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

Mr. Sibley's respective claims against the CL&F Defendants and LDWF arise from distinct sets of facts and turn on dissimilar legal theories. There is no overlap between the two sets of claims, and the respective breaches alleged by Mr. Sibley have nothing to do with one another. LDWF is not a party to the lease, and the CL&F Defendants are not subject to the federal constitutional laws raised in Mr. Sibley's claim against LDWF. Accordingly, it cannot be said that the claims are "so related . . . that they form part of the same case or controversy." *See* 28 U.S.C. § 1367(a). Therefore, the Court should sever and remand the Plaintiff's claims against CL&F.

**III.    Alternatively, even if the Court finds "supplemental jurisdiction" (which is denied), the Court should "decline to exercise supplemental jurisdiction" because Mr. Sibley's lease claims "substantially predominate" over his federal claim.**

Despite Mr. Sibley's tangential, constitutional law foray against the State over the seizure of his alligator head, this action rises and falls on a simple lease dispute between Mr. Sibley and his landlord, CL&F. The litigation between CL&F and Mr. Sibley originally commenced on February 24, 2023 when CL&F filed its lawsuit in Terrebonne Parish to enforce the lease and remove Mr. Sibley and his "homemade" "houseboat" from the leased premises ("Terrebonne Suit").

Instead of answering the Terrebonne Suit or filing reconventional demands, Mr. Sibley – representing himself as a *pro se* plaintiff – filed the instant lawsuit against CL&F and its employees, alleging "breach of contract," "tortious interference," and "negligence" in their management of the lease. He even requested a stay of the Terrebonne Suit on the grounds that his *de facto* countersuit in the 19th JDC concerned "the same transaction or occurrence." Mr. Sibley's constitutional pot shot against state wildlife agents over the loss of his "alligator head" is merely an afterthought to the lease dispute, which has been brewing since CL&F cancelled the lease and asked Mr. Sibley to vacate in July 2022. The "alligator head" claim borders on frivolous. Mr.

6

Sibley would never have filed it if not for the "substantially predominant" lease dispute already in litigation at that time in Terrebonne Parish.

Even if the Court finds that it has "supplemental jurisdiction" over Mr. Sibley's lease claims (which Defendants deny), the Court should "decline to exercise supplemental jurisdiction" because the lease dispute "substantially predominates" over Mr. Sibley's afterthought claims against LDWF. As a result, the Court should sever and remand the Plaintiff's claims against CL&F.

## **CONCLUSION**

Based on the foregoing, the Court should remand this action in its entirety back to the state court due to the lack of "unanimity" of consent for removal. In the alternative, the Court should sever and remand only the Plaintiff's claims against the CL&F Defendants because those claims are outside of the Court's "supplemental jurisdiction" under 28 U.S.C. §§ 1367(a) and 1441(c).

Respectfully submitted,

*/s/William M. Kelly*
Charles D. Marshall, III (La. Bar No. 27564)
William M. Kelly (La. Bar. No. 39234)
**CHAFFE McCALL, L.L.P.**
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300
504-585-7000 (Telephone)
504-544-6109 (Facsimile)
Email: marshall@chaffe.com
         william.kelly@chaffe.com

***Attorneys for Continental Land & Fur Co., Inc., Paul Loveless, and Dwayne Crawford***

**CERTIFICATES OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record in these proceedings via electronic mail or CM/ECF, and that a copy of the foregoing pleading has been served upon the *pro se* Plaintiff, Brandon Sibley, via electronic mail or by placing the same in the United States Mail, properly addressed and postage prepaid, this 8th day of June 2023.

                                                                          __/s/William M. Kelly_____