Brandon A. Sibley
17517 Cline Drive
Maurepas, LA 70449
Phone: (225) 369-7806
Fax: (985) 238-3818
Bsibley97@gmail.com

IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF LOUISIANA

SIBLEY,  )
    Plaintiffs,  )
V.  ) Case No. 3:23-CV-0375
STATE OF LOUISIANA WILDLIFE AND  )
FISHERIES, et al,  )
    Defendants.  )
_____/

# REPLY BRIEF IN OPPOSITION TO DOC. 4

# MOTION TO REMAND

COMES NOW, Plaintiff, Brandon Sibley, to move this Honorable Court to enter an order denying Defendant Continental Land and Fur's, Motion to Remand.

## I. INTRODUCTION

Plaintiff Files this brief in opposition to Defendant CL&F et al, and does so while correcting the multitude of materially false statements made by William Kelly, defense counsel for CL&F.

## II. CORRECTING THE RECORD

Defense Counsel in Doc. 4 makes multiple claims, without any admissible evidence provided to the Court, in an effort to use the Motion to Remand as a **12 (b) (6)** *Motion to Dismiss*, however, the Plaintiff must correct the record accordingly.

Defense Counsel, Doc. 4, ¶2 quotes from **Powers v. United States** as, "Therefore, the lack of "unanimity" among defendants precludes removal on "federal question" grounds, and the Court should remand the action. *See* **Powers v. United States**, *783 F.3d 570, 576 (5th Cir. 2015)* ("The rule of unanimity requires that all defendants to an action either sign the original petition for removal or timely file written consent to the removal.")

However, the Defense Counsel slyly employs a common tactic by artfully evading the necessary elements needed to have the rule apply. The aforementioned case citation is taken out of context as there are prerequisites needed for the rule of unanimity to apply. "**(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection **(a)** if—

"**(1)** the claim raises a novel or complex issue of State law,

"**(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

"**(3)** the district court has dismissed all claims over which it has original jurisdiction, or

"**(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction." **28 U.S.C. § 1367(c).** *City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 173, 118 S. Ct. 523, 533–34, 139 L. Ed. 2d 525 (1997)*

Defense Counsel continues in Doc. 4 ¶2 to state, "In the alternative, under **28 U.S.C. §§ 1367(a) and 1441(c),** the Court should sever and remand only the Plaintiff's claims against the CL&F Defendants because those claims are outside of the Court's "supplemental jurisdiction." The claims against CL&F arise entirely out of a *lease dispute* between Plaintiff and CL&F, and as such, they have no substantial relationship with Plaintiff's alleged civil rights claims against LDWF."

Plaintiff pled sufficiently to the plausibility standard both factually and facially, as is required to allege a sufficient belief that Continental Land & Fur by and through its employee Dewayne Crawford, was the direct causal link of the damages incurred by the Plaintiff. Doc. 1-2 of the Complaint ¶ 5, Plaintiff pleads, "Plaintiff asks this Court to apply the nexus or joint action test to Continental Land and Fur and their employees, who willfully violated the privacy and property rights of the Plaintiff, while aiding and abetting Louisiana Wildlife and Fisheries agents search and seizure of property absent a warrant signed by a Judge, which violated the rights, privileges, and immunities secured to the Plaintiff."

Defense Counsel continues his testifying of his personal belief systems within his Memorandum (Doc. 4-1) and states, "Mr. Sibley's constitutional pot shot against state wildlife agents over the loss of his "alligator head" is merely an *afterthought to the lease dispute*, which has been brewing since CL&F cancelled the lease and asked Mr. Sibley to vacate in July 2022. The "alligator head" claim borders on frivolous. Mr. Sibley would never have filed it if not for the "substantially predominant" lease dispute already in litigation at that time in Terrebonne Parish."

**Exhibit E** (Doc. 1-2) is a text message sent to Dewayne Crawford, and invalidates the erroneous assertion of the Defense Counsel's statement regarding the "alligator head" being merely an afterthought to the lease dispute.

Prior to Dewayne Crawford's unauthorized entry onto Plaintiff's property, performing functions that are an ambit of the state, aiding and abetting others to trespass, and screaming through the phone that I was a "criminal," there was no a "lease" dispute.

## III. NEGLIGENCE

Plaintiff factually and facially pled specifically within the Complaint (Doc. 1-2) CL&F employee Dewayne Crawford failed all five of the duty of care risk analysis. In order for liability to attach under the duty-risk analysis, the plaintiff must prove the following separate elements:

(1) the defendant had a duty to conform his conduct to a specific standard (the duty element);

(2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element);

(3) the defendant's substandard conduct was a cause-in-fact of the plaintiffs injuries (the cause-in-fact element);

(4) the defendant's substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and

(5) actual damages (the damages element). ***Roberts v. Rudzis, 2013-0538 (La. App. 1st Cir. 5/28/14), 146 So. 3d 602, 608-09,***

## IV.  PROPERTY DEPRIVATION

While computer desk jockey's may or may not realize the importance of catching, cleaning, and cooking of food; nor the sentimental value of teaching the next generation our wonderful vibrant culture of South Louisiana: all property has its value and it is peculiar to the individual. However, property is property, and whether it is an alligator head, house, or a matchbox the government is limited to its exercise over the property of a Citizen.

Property has also been described as the unrestricted and exclusive right to a thing, the right to dispose of it in every legal way, to possess it, use it, and to exclude everyone else from interfering with it. The term is generally used in this sense in the federal and state constitutional guarantees against deprivation of property without due process of law, and as so used , the word signifies the sum of all the rights and powers incident to ownership.

Furthermore, Defendant CL&F, may have filed the Terrebonne case slightly ahead of the Plaintiff, but Exhibit F of Doc. 1-2 is a notice of intent to sue duly sent to CL&F dated July 17th of 2022, whereas the Plaintiff informed CL&F and their employees of the Plaintiff's intent to sue.

Exhibit H, is now recorded into the record of this controversy of an email which includes sending CL&F a copy of a draft of the Complaint dated Feb. 20th, 2023.[1]

---

[1] Email dated 2-20-2023 sent to Charles Seibert, Dewayne Crawford, Catherine Shreve, which contained the updated Complaint.

Within Exhibit H, Plaintiff states, "You will find the lawsuit all over town in the near future as I will use local media and post it at all public places for others to prevue, as I continue to investigate how long Continental Land and Fur has allowed someone such as Dewayne to operate with such negligence and without care towards the ***property and privacy*** of others."

## CONCLUSION

The only frivolous filing is litigation tactics designed to obfuscate, stonewall, and delay the proceedings intentionally. Doc. 4 and the accompanying memorandum are borderline frivolous filings and both documents filed by Defense, contain materially false statements by Counsel.

Counsel has a duty to investigate all aspects of the case and identify all pertinent facts before signing any pleadings, motions, or other filings which contain blatantly false allegations. I am well aware that most people would assume that the constant communication between the Plaintiff and CL&F was to harass, and they would be wrong; it was a paper trail of receipts to use as facts and evidence before this Honorable Court.

WHEREFORE, Plaintiff moves this Court to enter an Order, denying the Motion to Remand, as the correct venue is Federal Court.

Brandon Sibley *pro se*

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of the **Reply Brief in Opposition to Defendants Motion to Remand** was provided by regular U.S. mail to:

**William M. Kelly |** *Associate*
1100 Poydras Street, Suite 2300
New Orleans, LA 70163
o: 504-585-7088 | f: 504-544-6065

**Matthew Roth- Louisiana Attorney General's Office**
1885 North 3rd Street – 4th Floor
P.O. Box 94005
Baton Rouge, La 70804