UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRANDON SIBLEY | * | CIVIL ACTION No.: 23-00375 |
| | * | |
| VERSUS | * | JUDGE SHELLY D. DICK |
| | * | |
| CONTINENTAL LAND AND FUR, DEWAYNE CRAWFORD, R. PAUL LOVELESS, STATE OF LOUISIANA – WILDLIFE AND FISHERIES, AND JACK MONTEOUCET | * * * * * * * * | MAG. JUDGE SCOTT D. JOHNSON |

\* \* \* \* \* \* \* \* \* \* \* \*

### THE CL&F DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

NOW INTO COURT, through undersigned counsel, come Defendants, Continental Land & Fur Co., Inc. ("CL&F"), Paul Loveless, and Dwayne Crawford (collectively "CL&F Defendants"), who file this Reply Memorandum in support of their Motion to Remand (Rec. Doc. 4), responding to two separate opposition memoranda filed by Plaintiff, Brandon Sibley.[1]

### FACTS

Defendant CL&F filed suit against Mr. Sibley in Terrebonne Parish on February 24, 2023 ("Terrebonne Suit") to resolve a lease dispute and evict Mr. Sibley and his "homemade" houseboat from CL&F's property. Instead of filing an Answer and Reconventional Demand, Mr. Sibley

---

[1] Mr. Sibley filed two separate memoranda in opposition to the Motion to Remand – specifically, (1) Rec. Doc. 7: "Reply in Opposition to Doc. 4 Motion to Remand" ("Opposition #1"); and (2) Rec. Doc. 8: "Memorandum for Reply Brief in Opposition to Doc. 4 – Motion to Remand" ("Opposition #2"). The CL&F Defendants object to Mr. Sibley's filing multiple oppositions to the same Motion to Remand and, without waiver of their objection, file this Reply Memorandum responding to both of Mr. Sibley's oppositions.

elected to file his own "Complaint" in East Baton Rough Parish on April 6, 2023, which commenced the instant lawsuit.[2]

Mr. Sibley's "Complaint" asserts state law claims against CL&F and two of its employees (*i.e.*, Paul Loveless and Dwayne Crawford) arising from their management of the lease ("Lease Claims"). It also asserts federal civil rights claims against the Louisiana Department of Wildlife and Fisheries ("LDWF") for the alleged unconstitutional seizure of a decapitated alligator carcass from the deck of Mr. Sibley's houseboat ("Fourth Amendment Claims"). Significantly, Mr. Sibley contends that the Fourth Amendment Claims are indispensable to the Lease Claims based on his allegation that Dwayne Crawford "aided and abetted" the wildlife agents who seized his alligator carcass. *See* Complaint at ¶ 10 (citing criminal statutes for "aiding and abetting").

On May 15, 2023, LDWF filed the instant Notice of Removal (R. Doc. 1) on "federal question" grounds, which the CL&F Defendants dispute for the reasons set forth in their Motion to Remand (R. Doc. 4). Mr. Sibley, who filed this lawsuit in state court, submitted *two* separate oppositions to the Motion to Remand (R. Doc. 7 and 8), arguing that his lawsuit should not be remanded to the state court where he filed it. Although Mr. Sibley's "Complaint" alleges that "venue is proper in the 19th Judicial District Court of Baton Rouge," he now alleges that "the correct venue is Federal Court." *See* Complaint at p. 6 (sic); Opposition #1 at p. 9. For the reasons set forth below, the Court should grant the CL&F Defendants' Motion to Remand.

---

[2] Mr. Sibley has conceded that his state law claims against the CL&F Defendants involve "the same transaction or occurrence" as CL&F's lease claims in the earlier filed Terrebonne Parish suit. Specifically, he moved the court in Terrebonne Parish to stay the Terrebonne Suit on those grounds. Mr. Sibley contends that the second-filed East Baton Rouge should proceed over the first-filed Terrebonne Suit, on the basis that he intended to file his suit first.

2

**I.    Despite Mr. Sibley's groundless accusation, the CL&F Defendants have not made any "false statements" to this Court.**

Mr. Sibley begins his opposition by improperly accusing the undersigned counsel of an ethical violation without any basis in fact. *See* Opposition #1 at p. 1. He purports to "correct" a "multitude of materially false statements" but never provides a clear explanation of which "statements" he claims to be false. Mr. Sibley appears to take issue with CL&F's characterization of their dispute as a "lease dispute," reasoning that he has a long history of sending harassing text messages to his landlord's employee that pre-dates CL&F's decision to evict him. Despite his wide array of legal theories, all of Mr. Sibley's factual allegations against the CL&F Defendants concern their management of the lease and the leased premises. Even Mr. Sibley's nonviable "aiding and abetting" claim against Dwayne Crawford arises from the lease (putting aside the fact that Louisiana does not even recognize a civil cause of action for "aiding and abetting"). On the face of the "Complaint," every act alleged of Dwayne Crawford arises from his role as an employee of Mr. Sibley's landlord, CL&F, to manage the lease and the leased premises.

**II.    Mr. Sibley has no standing to oppose the remand of this lawsuit.**

Mr. Sibley filed this lawsuit in state court. LDWF removed it to this Court on "federal question" grounds. The purported "federal questions" in this case existed when Mr. Sibley filed his "Complaint" in state court. To the extent that Mr. Sibley believes federal subject matter jurisdiction may extent to any portion of his claims, Mr. Sibley waived his right to invoke it. The United States Supreme Court has long recognized that a plaintiff who files his action in state court is barred from seeking removal to federal court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106–07, 61 S. Ct. 868, 871, 85 L. Ed. 1214 (1941). *See also*, *Tindle v. Ledbetter*, 627 F.Supp. 406, 407 (M.D. La. 1986). "[T]he plaintiff, having submitted himself to the jurisdiction of the state court, [is] not entitled to avail himself of a right of removal conferred only on a

defendant who has not submitted himself to the jurisdiction." *In re Crystal Power Co.*, Ltd., 641 F.3d 78 (5th Cir.2011)[3] (quoting *Shamrock*, 313 U.S. 106). Like the plaintiff in *Shamrock*, Mr. Sibley "submitted himself to the jurisdiction of the state court" and cannot "avail himself of a right of removal." Accordingly, Mr. Sibley he has no right to oppose the CL&F Defendants' Motion to Remand.

Additionally, Mr. Sibley is barred from opposing the Motion to Remand because he executed a "Venue" provision in the Lease, which is attached to his "Complaint" as Exhibit "A." Mr. Sibley explicitly submitted to the jurisdiction of Terrebonne Parish or the Eastern District of Louisiana for all causes of action "arising out of or relating to activities undertaken as a result of" the Lease, and agreed that "all claims with respect to such action … will be heard and determined" in Terrebonne Parish State Court or the Eastern District of Louisiana. *See* Complaint at Exhibit A, ¶ 13(b). The CL&F Defendants reserve all rights under the venue selection clause, upon remand of this action, to enforce the provisions of the Lease to transfer the action to its proper venue Terrebonne Parish, where CL&F's lawsuit on "the same transaction or occurrence" is already pending.

**III.  Despite his many legal conclusions, Mr. Sibley has not pleaded any facts sufficient to establish a "federal question" claim against any of the CL&F Defendants.**

Even if Mr. Sibley had standing to claim removal jurisdiction (which he does not), Mr. Sibley's legal argument to establish federal subject matter jurisdiction over his claims against the CL&F Defendants has no merit. Mr. Sibley erroneously argues that the Court cannot sever his claims against the CL&F Defendants on the grounds that his Fourth Amendment Claims extend to CL&F's employee, Dwayne Crawford. To support this flawed argument, Mr. Sibley asserts a number of legal conclusions. S*ee e.g.,* Opposition #1 at p. 4 (stating that Dwayne Crawford

---

[3] Mandamus withdrawn on other grounds. *See* 641 F.3d 82 (5th Cir. 2011).

"perform[ed] functions that are an ambit of state, aiding and abetting others to trespass"); Opposition #2 at p. 2 (stating that the "proximate result of Defendant Crawford's acts was state action by [LDWF]" that allegedly deprived Mr. Sibley of his fourth amendment rights).

Mr. Sibley spends very little time explaining what specific factual allegations support these legal theories concerning Dwayne Crawford, until the tenth page of Mr. Sibley's second opposition. According to Mr. Sibley, one of the wildlife agents told him that Dwayne Crawford is the person who informed LDWF about his illegal alligator carcass. *See* Opposition #2 at p. 10. LDWF agents investigated Mr. Sibley based on this alleged tip and ultimately seized the alligator carcass based on their investigation. <u>*This*</u> is the factual basis for Mr. Sibley's claim that his landlord's employee Dwayne Crawford acted "in concert" with government agents to violate his "inherent, sacred, and inviolable rights." These allegations do not establish any claim for which relief can be granted against Mr. Crawford, much less a federal civil rights claim.

Article 1983 "addresses only those injuries caused by state actors or those acting under color of state law." *Spear v. Town of W. Hartford*, 954 F.2d 63 (2d Cir.1992), *citing Rendell-Baker v. Kohn*, 457 U.S. 830, 835, 102 S. Ct. 2764, 2768, 73 L. Ed. 2d 418 (1982). Article 1983 "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40; 119 S.Ct. 977, 985; 143 L.Ed.2d 130 (1999). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42; 108 S.Ct. 2250, 2255; 101 L.Ed.2d 40 (1988).

There are no factual allegations in the "Complaint" supporting Mr. Sibley's conclusion that Dwayne Crawford "acted under color of state law" for purposes of Article 1983. Dwayne

Crawford is an employee of Mr. Sibley's landlord, CL&F. His only alleged dealings with Mr. Sibley occurred through his role as a CL&F employee, managing the lease and the leased property. Despite his many legal conclusions and peripheral quotations from case law (which cannot constitute "well pleaded facts"), Mr. Sibley never alleges that Dwayne Crawford took any action while "clothed with the authority of state law." Therefore, the Court should disregard Mr. Sibley's groundless attempt to extend his sole "federal question" claim to Dwayne Crawford, against whom he can state no Article 1983 claim as a matter of law.

### IV. The Notice of Removal is deficient because it lacks the unanimous consent of all served parties.

Independently of all the legal bases set forth above, the removal of this action is unsustainable because it violates the long-standing federal "rule of unanimity." LDWF bears the burden of establishing that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir.2002) (On a motion to remand, the "removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id*. "A failure of all defendants who have been served to join in the petition renders it defective." *Morales v. Shaffer*, CIV. A. 07-3054, 2007 WL 3237457, at *2 (E.D. La. Oct. 31, 2007) (citing *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am*., 841 F.2d 1254, 1262 (5th Cir.1988)). Under the "rule of unanimity," the party seeking removal must submit a "timely filed written indication from each served defendant" that all such defendants consent to the removal. *Id*. (citing *Getty*, 841 F.2d at 1262 n.11).

As set forth in the CL&F Defendants' Memorandum, CL&F, Paul Loveless, and Dwayne Crawford are three defendants to this action who were served before LDWF issued its Notice of

Removal, who have not consented and do not consent to the removal. Accordingly, the removal is deficient as a matter of law, and the Court should remand the action back to the state court.

## CONCLUSION

For the foregoing reasons, Defendants, Continental Land & Fur Co., Inc., Paul Loveless, and Dwayne Crawford, respectfully ask this Court to grant their Motion to Remand and issue an Order (1) remanding this action back to state court, or alternatively, (2) severing and remanding only those claims filed against Defendants, Continental Land & Fur Co., Inc., Paul Loveless, and Dwayne Crawford.

Respectfully submitted,

*/s/William M. Kelly*
Charles D. Marshall, III (La. Bar No. 27564)
William M. Kelly (La. Bar. No. 39234)
**CHAFFE McCALL, L.L.P.**
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300
504-585-7000 (Telephone)
504-544-6109 (Facsimile)
Email: marshall@chaffe.com
            william.kelly@chaffe.com
***Attorneys for Continental Land & Fur Co., Inc., Paul Loveless, and Dwayne Crawford***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record in these proceedings via electronic mail or CM/ECF, and that a copy of the foregoing pleading has been served upon the *pro se* Plaintiff, Brandon Sibley, via electronic mail or by placing the same in the United States Mail, properly addressed and postage prepaid, this 29th day of June 2023.

__*/s/William M. Kelly*_____