UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRANDON SIBLEY** | * | **CIVIL ACTION NO.: 23-00375** |
| | * | |
| **VERSUS** | * | **JUDGE SHELLY D. DICK** |
| | * | |
| **CONTINENTAL LAND AND FUR,** | * | **MAGISTRATE JUDGE** |
| **DEWAYNE CRAWFORD, R. PAUL** | * | **SCOTT D. JOHNSON** |
| **LOVELESS, STATE OF LOUISIANA –** | * | |
| **WILDLIFE AND FISHERIES, AND** | * | |
| **JACK MONTEOUCET** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY

Defendants, Continental Land & Fur Co., Inc. ("CL&F"), Paul Loveless, and Dwayne Crawford (collectively "Defendants"), submit this Memorandum in Support of their Motion for Protective Order to Stay Discovery. As set forth below, the discovery being demanded by Plaintiff, Brandon Sibley, is premature at this stage in the proceeding. Under its broad discretion vested by the Federal Rules of Civil Procedure and Fifth Circuit jurisprudence, this Court should issue a stay of discovery pending the resolution of Defendants' Motion to Remand.

### FACTS

Defendant CL&F filed suit against Mr. Sibley in Terrebonne Parish on February 24, 2023 ("Terrebonne Suit") to resolve a lease dispute and evict Mr. Sibley and his houseboat from CL&F's property.[1] Rather than answer the Terrebonne Suit, Mr. Sibley (representing himself as a *pro se* plaintiff) filed his own, separate lawsuit in East Baton Rouge Parish ("EBR Suit") against CL&F and two of its employees, alleging breach of the same lease and other alleged torts related to

---

[1] A copy of the Petition commencing the Terrebonne Suit is attached hereto as **Exhibit "A"**.

CL&F's management of the lease. (Rec. Doc. 1-2). Mr. Sibley has specifically conceded that his second-filed EBR Suit involves the "same transaction or occurrence" as CL&F's first-filed Terrebonne Suit.[2]

In the EBR Suit, Mr. Sibley also asserted claims against the Louisiana Department of Wildlife and Fisheries ("LDWF") alleging a conspiracy between CL&F employees and state wildlife agents to violate his constitutional rights. (Rec. Doc. 1-2). On May 15, 2023, LDWF filed a Notice of Removal, removing Mr. Sibley's lawsuit (the EBR Suit) to this Court. (Rec. Doc. 1). On June 8, 2023, Defendants filed a Motion to Remand, seeking remand back to state court or alternatively severance from Mr. Sibley's federal claims against LDWF. (Rec. Doc. 4). Significantly, LDWF has not filed an opposition to the Motion to Remand. The only party opposing remand to state court is Mr. Sibley, *who filed the action in state court*. As set forth in Defendants' Reply Memorandum in support of the Motion to Remand (Rec. Doc. 14), Mr. Sibley lacks standing to argue in support of removal. *See, Tindle v. Ledbetter*, 627 F. Supp. 406, 407 (M.D. La. 1986) ("[T]he plaintiff, having submitted himself to the jurisdiction of the state court, [is] not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction."). As a result, Defendants' Motion to Remand is effectively unopposed.

Despite the pending Motion to Remand, on September 6, 2023, Mr. Sibley propounded discovery requests upon the Defendants specifically invoking federal discovery rules. In light of the pending (effectively unopposed) Motion to Remand, Mr. Sibley's discovery requests are premature and likely to result in duplicative discovery and undue burden and expense on all parties.

---

[2] On May 15, 2023, after filing the EBR Suit, Mr. Sibley filed a Motion to Stay Proceedings in the first-filed Terrebonne Suit, arguing that the two suits involve the "same transaction or occurrence," and that he had intended to file his suit first. A copy of Mr. Sibley's Motion to Stay Proceedings is attached hereto as **Exhibit "B"**.

Any discovery conducted at this stage will likely need to be repeated should this matter be remanded to state court (and subsequently transferred to Terrebonne Parish where the action was undisputedly first filed). Accordingly, as set forth below, this Court should exercise its inherent, broad discretion to issue a temporary stay of the premature discovery sought by Mr. Sibley.

## LAW & ARGUMENT

**1. The Court should exercise its "broad discretion" to issue a stay of discovery while Defendants' Motion to Remand remains pending.**

A temporary stay of discovery, pending the resolution of Defendants' Motion to Remand, is an appropriate exercise of this Court's discretion in this case. "The power to stay proceedings is incidental to the power inherent in every court…" *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id*. The Fifth Circuit recognizes that trial courts have "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir.1987); *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) ("[T]he court may stay discovery for 'good cause,' such as a finding that further discovery will impose undue burden or expense"). F.R.C.P. 26 broadly authorizes this Court to issue stays of discovery to avoid "annoyance, embarrassment, oppression, or undue burden or expense." F.R.C.P. 26(c).

In a relatively recent decision, this Court recognized that it may serve "the interests of judicial economy" to issue a stay pending resolution of a motion to remand "until it can be determined whether this Court has jurisdiction over this litigation." *See Coco v. Hexion, Inc.*, CV 20-661-BAJ-SDJ, 2021 WL 641378, at *2 (M.D. La. Jan. 20, 2021). Although the Court in *Coco* noted that the discovery proponents in that case failed to oppose the stay, the ruling in *Coco* is nonetheless instructive on the present matter. Like *Coco*, the Court's ruling on the pending motion

3

to remand in this case may result in a finding that the Court has no of no jurisdiction over the present lawsuit.

A temporary stay of discovery is especially warranted in this case. This litigation is currently stuck in a procedural quagmire of Mr. Sibley's making. The parties' presence before this Court is a result of Mr. Sibley's impermissible forum shopping, when he improperly elected to file the EBR Suit instead of answering the first-filed Terrebonne Suit that concerns the "same transaction or occurrence." Then, after LDWF filed the notice of removal, Mr. Sibley doubled down on his interruption of the Terrebonne Suit by improperly opposing remand of the EBR Suit to the state court (*where he filed it*) despite his lack of standing to do so. Now, Mr. Sibley has added yet another layer of needless litigation by prematurely demanding discovery while the Motion to Remand is still pending. It runs afoul of basic common sense, economy, and efficiency to commence engaging in formal discovery at this point in the litigation, which has been (and still remains) sidetracked by Mr. Sibley's erroneous litigation tactics.

The proper forum for this routine lease dispute is the 32nd Judicial District Court in Terrebonne Parish – where the leased property at issue is located, where every act alleged in the pleadings took place, and where the first-filed lawsuit is already pending and is suspended in procedural limbo. To the extent that Mr. Sibley suddenly believes federal court is the proper venue for this dispute (which is denied), Mr. Sibley must file a notice of removal *in the Terrebonne Suit* (where he is a defendant) to remove that action *to the Eastern District of Louisiana*. Either way, the parties are multiple steps away from reaching the proper forum for this dispute, and the Middle District is not the proper forum for this dispute. It defies basic notions of economy and efficiency to commence formal discovery while these procedural issues remain unresolved.

Therefore, Defendants respectfully ask this Court to issue a temporary stay of discovery pending the Court's ruling on Defendants' Motion to Remand.

**2. Regardless of the Motion to Remand, discovery is nonetheless premature at this stage due to Defendants' multiple dispositive defenses to the face of the "Complaint."**

Although CL&F maintains that remand is clearly proper in this case, even if the Court denies the Motion to Remand, venue is not proper before this Court. CL&F intends to file exceptions in the EBR Suit to transfer the claims to Terrebonne Parish, including but not limited to (1) an exception of lis pendens based on the first-filed Terrebonne Suit, and (2) an exception to enforce the forum selection clause in the parties' lease, which requires all causes of action related to the lease to be tried in Terrebonne Parish or the Eastern District.

In addition to CL&F's exceptions that are likely to transfer Mr. Sibley's claims to the 32nd Judicial District Court, a number of CL&F's well-founded exceptions are entirely dispositive of Mr. Sibley's claims. CL&F intends to litigate these issues in state court upon remand. However, should this Court issue a ruling denying the Motion to Remand, CL&F is nonetheless entitled to assert these dispositive legal issues in 12(b) motions before this Court. Under longstanding Fifth Circuit precedent, these pending dispositive legal issues justify a stay of discovery in the trial court's discretion. *See e.g.*, *Brown v. DFS Servs.*, L.L.C., 434 F. App'x 347, 351–52 (5th Cir. 2011) ("It is within the district court's discretion to stay discovery pending resolution of dispositive motions"); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir. 1988) ("[A] trial court may properly exercise its discretion to stay discovery pending a decision on a dispositive motion."); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) ("we see no

possible abuse of discretion in the order staying general discovery until the court could determine whether the case would be resolved at the summary judgment stage.").

Upon resolution of the removal dispute in this case, Defendants are entitled to raise their well-founded exceptions to Mr. Sibley's "Complaint," which may dispose of Mr. Sibley's claims in this action. Upon remand to state court, Defendants intend to immediately file, without limitation, their (1) Declinatory Exception of Insufficient of Service of Process; (2) Declinatory Exception of Lis Pendens; (3) Dilatory Exception of Improper Cumulation; (4) Declinatory Exception of Improper Venue; (5) Declinatory Exception of Lack of Personal Jurisdiction; and (6) Peremptory Exception of No Cause of Action.  Should the Court find that the removal is proper (which is respectfully denied), Defendants are entitled to litigate the referenced exceptions as dispositive 12(b) Motions, warranting a stay of discovery under the Fifth Circuit precedent cited above.  A temporary stay of discovery is therefore warranted in this case.

## CONCLUSION

For these reasons, Defendants, Continental Land & Fur Co., Inc., Paul Loveless, and Dwayne Crawford respectfully request that the Court issue a temporary stay discovery pending the resolution of Defendants' Motion to Remand.

Respectfully submitted,

*/s/ William M. Kelly*
Charles D. Marshall, III (La. Bar No. 27564)
William M. Kelly (La. Bar. No. 39234)
   **CHAFFE McCALL, L.L.P.**
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300
504-585-7000 (Telephone)
504-544-6109 (Facsimile)
Email: marshall@chaffe.com
          william.kelly@chaffe.com

6

*Attorneys for Continental Land & Fur Co., Inc., Paul Loveless, and Dwayne Crawford*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record in these proceedings and upon the pro se Plaintiff, Brandon Sibley, by electronic mail, CM/ECF, or by placing the same in the United States Mail, properly addressed and postage prepaid, this 20th day of September 2023.

  /s/ William M. Kelly