# CITATION ON PETITION

*CONTINENTAL LAND & FUR CO INC*

*Versus*

*SIBLEY, BRANDON - ET AL*

*Civil Case: 0195928*
*Division: E*
*32nd Judicial District Court*
*Parish of Terrebonne*
*State of Louisiana*

A RESIDENT OF LIVINGSTON PARISH

TO: BRANDON SIBLEY
17517 CLINE DRIVE
MAUREPAS, LA 70449
(THRU PRIVATE PROCESS SERVER)

You are named as a defendant in the above captioned matter. Attached to this citation is a:

☒ **Certified Copy of Original Petition filed on February 28, 2023**
☐ **Certified Copy of Amended Petition**
☐ **Discovery Request**

**YOU ARE NOTIFIED** that you must either comply with the demand contained in the attached petition or make an appearance either by filing an answer or other pleading in the 32nd Judicial District Court located at 7856 Main St., Houma, LA 70360 (P. 0. Box 1569, Houma, LA 70361) within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

**A.** A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
**B.** When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.
**C.** The Court may grant additional time for answering.

**THE CLERK OF COURT'S OFFICE CANNOT PROVIDE LEGAL ADVICE.**

**This Citation was issued by the Clerk for the Court for the 32nd Judicial District Court, Parish of Terrebonne, on the 11th day of April, 2023.**

**THERESA A. ROBICHAUX**
**CLERK OF COURT**

**By:** [signature]
**Deputy Clerk of Court**

**Requested by:** Mr. Charles D Marahall, III, Attorney at Law
2300 Energy Centre
New Orleans, LA 70163-2300 (504) 585-7000

**EXHIBIT**
**A**

**Returned and Filed**

______________________________

______________________________
**Deputy Clerk of Court**

[ ORIGINAL ]

# CITATION ON PETITION

*CONTINENTAL LAND & FUR CO INC*

*Versus*

*SIBLEY, BRANDON - ET AL*

*Civil Case: 0195928*
*Division: E*
*32nd Judicial District Court*
*Parish of Terrebonne*
*State of Louisiana*

A RESIDENT OF LIVINGSTON PARISH

TO: BRANDON SIBLEY
17517 CLINE DRIVE
MAUREPAS, LA 70449
(THRU PRIVATE PROCESS SERVER)

You are named as a defendant in the above captioned matter. Attached to this citation is a:

- ☒ **Certified Copy of Original Petition filed on February 28, 2023**
- ☐ **Certified Copy of Amended Petition**
- ☐ **Discovery Request**

**YOU ARE NOTIFIED** that you must either comply with the demand contained in the attached petition or make an appearance either by filing an answer or other pleading in the 32nd Judicial District Court located at 7856 Main St., Houma, LA 70360 (P. 0. Box 1569, Houma, LA 70361) within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.
C. The Court may grant additional time for answering.

**THE CLERK OF COURT'S OFFICE CANNOT PROVIDE LEGAL ADVICE.**

**This Citation was issued by the Clerk for the Court for the 32nd Judicial District Court, Parish of Terrebonne, on the 11th day of April, 2023.**

**THERESA A. ROBICHAUX**
**CLERK OF COURT**

By: [signature]
**Deputy Clerk of Court**

**Requested by:** Mr. Charles D Marahall, III, Attorney at Law
2300 Energy Centre
New Orleans, LA 70163-2300 (504) 585-7000

**Returned and Filed**

______________________

______________________
**Deputy Clerk of Court**

[ SERVICE ]

32nd JUDICIAL DISTRICT COURT FOR THE PARISH OF TERRBONNE

STATE OF LOUISIANA

NO. 195928 DIVISION E

CONTINENTAL LAND & FUR CO., INC.

VERSUS

BRANDON SIBLEY AND KELLY SIBLEY

FILED:______________________ ______________________________
DEPUTY CLERK

**PETITION FOR DECLARATORY JUDGMENT**

Petitioner, Continental Land & Fur Co., Inc. ("CL&F"), files this petition for declaratory judgment pursuant to Louisiana Code of Civil Procedure Article 1871 and respectfully states:

**PETITIONER**

**1.**

Petitioner, CL&F, is a Delaware corporation, with its principal place of business in Texas.

**DEFENDANTS**

**2.**

Named defendant herein is Brandon Sibley, who on information and belief is a resident of Maurepas, Louisiana.

**3.**

Named defendant herein is Kelly Sibley, who on information and belief is a resident of Chesapeake, Virginia.

**VENUE**

**4.**

Venue is proper in Terrebonne Parish as the property at issue is located in Terrebonne Parish.

**FACTS**

**5.**

On July 20, 2022, CL&F notified defendants that CL&F was canceling a Surface Lease for certain described land in Terrebonne Parish under which defendants were lessees. The canceled Surface Lease is attached as Exhibit 1.

FAX FILING FEB 24 2023

RANDALL L. BETHANCOURT
JUDGE - DIVISION E

6.

The July 20, 2022 letter canceling the Surface Lease is attached hereto as Exhibit 2. In that letter, CL&F demanded that the defendants remove any buildings, structures or other property that the defendants had placed on the property owned by CL&F in accordance with Section 9 of their Surface Lease which provides that: "Lessee shall, within thirty (30) days thereafter [after cancellation date], remove any and all buildings, structures, facilities and other property placed or owned by Lessee upon the leased premises and shall restore the leased premises to its original condition insofar as practicable, including the remediation of any environmental contamination caused by the Lessee's operations."

7.

Section 9 of the Surface Lease additionally provides that: "If, upon expiration of said thirty (30) days, Lessee has failed to remove its property from the leased premises, Lessor, in addition to any other remedy Lessor may enjoy, shall have the right, at its option, to remove and/or appropriate, without the right of claim by Lessee for compensation or damages, any property of Lessee remaining on the leased premises. If Lessor elects to remove such property, the costs of such removal as well as the cost of restoring the leased premises shall be paid by Lessee upon demand."

8.

Despite written demand by CL&F, defendants have refused to remove a houseboat that they placed on property owned by CL&F in connection with their prior Surface Lease.

9.

On February 9, 2023, CL&F wrote another letter (Exhibit 3) to the defendants again demanding that they remove the houseboat that defendants had placed on CL&F's property in connection with their canceled Surface Lease.

10.

In the February 9, 2023 letter, CL&F informed the defendants that because defendants had failed to remove their houseboat from their former Surface Lease, that CL&F had a right to remove the houseboat from its property and dispose of the houseboat. CL&F further informed the defendants that if CL&F removed the houseboat from its property, that: (1) defendants would not be entitled to any compensation in connection with the removal and disposal of the houseboat, and

(2) the defendants would be responsible to reimburse CL&F for all costs associated with the removal and disposal of the houseboat.

**11.**

In addition to Section 9 of the Surface Lease, CL&F asserts that it also has a right to remove the defendants' houseboat from its property, at the expense of the defendants, under La. Civ. Code Art. 2695.

**12.**

In response to CL&F's demands to defendants to remove their houseboat from CL&F's property, defendant Brandon Sibley, purporting to speak for all of the lessees under the Surface Lease, has stated that CL&F has no right to remove the houseboat and has threatened CL&F with litigation.

**REQUEST FOR DECLARATORY RELIEF**

Through this Petition, CL&F hereby requests a declaratory judgment that CL&F has: (1) the right to remove the defendants' houseboat from CL&F's property pursuant to Section 9 of the Surface Lease and La. Civ. Code Art. 2695, and (2) that pursuant to Section 9 of the Surface Lease and La. Civ. Code Article 2695, the defendants are responsible to reimburse CL&F for the costs of removing the defendants' houseboat from CL&F's property and disposing of said property.

**DEMAND FOR ATTORNEYS' FEES**

Section 14 of the Surface Lease provides that: "If Lessor commences an action against Lessee to enforce the provisions ... of this Lease, or otherwise arising out of or in connection with this Lease, Lessor shall be entitled to have and recover from Lessee all reasonable expenses and charges incurred in such actions, including without limitation attorneys' fees/expenses, costs of suit, investigation costs and discovery costs, as well as costs of appeal." CL&F hereby makes demand for all of its costs, expenses and attorneys' fees pursuant to Section 14 of the Surface Lease.

WHEREFORE, petitioner, Continental Land & Fur Co., Inc. ("CL&F"), prays that defendants, Brandon Sibley and Kelly Sibley, be duly served with a copy of the petition and cited to appear and answer same, and that after due proceedings had, there be a Declaratory Judgment that Continental Land & Fur Co., Inc. has: (1) the right to remove the defendants' houseboat from CL&F's property pursuant to Section 9 of the Surface Lease and La. Civ. Code Art. 2695, and (2) that pursuant to Section 9 of the Surface Lease and La. Civ. Code Article 2695, the defendants are

responsible to reimburse CL&F for the costs of removing the defendants' houseboat from CL&F's property and disposing of said property. CL&F further prays for a judgment against defendants awarding CL&F its attorneys' fees, costs and expenses in connection with this lawsuit in accordance with Section 14 of the Surface Lease.

Respectfully submitted,

Charles D. Marshall, III (#27564)
CHAFFE McCALL, L.L.P.
1100 Poydras Street
2300 Energy Centre
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
***Attorneys for Continental Land & Fur Co., Inc.***

**PLEASE SERVE:**

Brandon Sibley
17517 Cline Drive, Maurepas, LA. 70449

Kelly Sibley
Via the long arm statute
2305 Gilmerton Road
Chesapeake, Va. 23323

FILED
FEB 28 2023
DEPUTY CLERK OF COURT

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA
LA. APR 11 2023, 20
BY
Deputy Clerk of Court

#4903739v1

# SURFACE LEASE

No. 8433

THIS LEASE entered into as of the 1st day of August, 2020, between CONTINENTAL LAND & FUR CO., INC., a Delaware corporation, whose address for purposes of this lease is 111 Veterans Memorial Boulevard, Suite 500, Metairie, Louisiana 70005-3099 (herein called "Lessor"), and Kelly A. Sibley, Brandon A. Sibley, Leon A. Ervin and Jerry E. Ervin, Jr. whose address for purposes of this lease is 5159 Beige Street, Jacksonville, Florida 32258 and 1778 Ala Moana Blvd., Honolulu, Hawaii 96815 and whose telephone number is 904-518-0627 (herein called "Lessee").

## WITNESSETH

1. In consideration of the rental herein provided and the obligations assumed by Lessee herein, but subject to the conditions hereinafter set forth, Lessor does hereby lease and let unto Lessee, for a term beginning on the effective date hereof and terminating one (1) year from such date, for the sole and only purpose of maintaining a camp and facilities, the surface of the following described property, which Lessee acknowledges to be owned by Lessor, situated in Terrebonne Parish, Louisiana, to-wit:

Commencing at the southwest corner of surface lease, said point being the Point of Beginning having Latitude and Longitude coordinates of N29°28'33.64" and W91°04'18.53"; Thence, continue in a northerly direction to the northwest corner of surface lease having Latitude and Longitude coordinates of N29°28'34.41" and W91°04'19.49"; Thence, continue in an easterly direction to the northeast corner of surface lease having Latitude and Longitude coordinates of N29°28'34.82" and W91°04'18.76"; Thence, continue in a southerly direction to the southeast corner of surface lease having Latitude and Longitude coordinates of N29°28'33.60" and W91°04'17.56"; Thence, continue in a westerly direction to the southwest corner of surface lease, being the Point of Beginning and located in Section 30, T18S-R14E. Said property measures approximately 130 feet along the east bank of the Superior No. 3 well canal by a depth of approximately 160 feet.

The approximate location of said property is additionally illustrated in red on the plat attached hereto.

2. Upon the execution hereof, Lessee has paid Lessor, as rent for the one (1) year term hereof, the sum of $130.00 cash. Lessee shall have the option to renew this lease from year to year, for a maximum period not to exceed a total of three (3) years from the effective date hereof, upon the same terms and conditions and for the same rental hereinabove set forth unless Lessor shall have notified Lessee, at least ten (10) days prior to the expiration of the then current term, of amended terms and conditions, including an increase or decrease in rental, in which event the option to renew shall be upon the then current terms and conditions, including rental, as so amended by said notice. If Lessor has not received the renewal rent prior to the expiration of the then current term, Lessee shall be deemed to have elected not to renew this lease for the succeeding year, and this lease will immediately and automatically terminate.

3. All of the rights granted Lessee in this agreement are solely for the benefit of Lessee and Lessee's guests, invitees and visitors, and Lessee shall be and remain entirely responsible for such guests, invitees and visitors and all actions by any of them; provided, however, that Lessee shall not permit any person to exercise any of such rights or even to go upon the leased premises unless such person is accompanied on the leased premises at all times by a party named as Lessee or unless such person holds written authorization from Lessor; and Lessee shall conduct no commercial operations on the leased premises nor make any charge for the exercise of any of the privileges herein granted.

4. Lessee may maintain existing ditches and ponds on the leased premises and shall maintain any existing buildings, facilities or other constructions owned or placed on the leased premises by Lessee or a prior Lessee for similar purposes of this lease, but, except as may otherwise be provided herein, Lessee shall not construct any additional buildings, levees, dams, fences, or other structures or facilities on the leased premises, nor dredge or dig any additional canals, ditches or ponds thereon, nor otherwise change or alter the leased premises in any manner without first submitting plans and specifications therefor to Lessor and obtaining Lessor's prior written consent thereto. In the event any buildings, facilities or other constructions located on Lessor's property in connection with this lease should extend in whole or in part beyond the perimeter boundaries of the lease premises as described in Paragraph 1, such building, facility or other construction shall nevertheless be deemed part of the lease premises hereunder subject to all terms and provisions of this lease. Lessee shall not use, or permit the use of, air boats, marsh buggies or helicopters upon the leased premises without the prior written consent of Lessor; nor shall Lessee create any nuisance or disturbance on the leased premises. Lessee shall have the right to use, but not exclusively, the existing canals and waterways on Lessor's property that are open for navigation for ingress and egress in connection with this lease.

5. Lessee accepts the leased premises and all canals and waterways leading thereto and located thereon in their present condition, and Lessor shall not be responsible for damage of any kind to any person or property upon the leased premises or upon any other property of Lessor, however occasioned. Lessee further agrees that it will, during the term hereof and thereafter, release, protect, defend, indemnify and hold Continental Land & Fur Co., Inc., CL&F Resources LP, and Piquant, Inc., and any of their respective affiliates and subsidiaries and the directors, officers, employees, temporary workers, invitees, contractors, subcontractors, agents, representatives, shareholders, general partners and limited partners of each of the same (collectively the "Continental Indemnitees") harmless from and against any and all loss, damage, liability, cost or expense, including fines, penalties and reasonable attorneys' fees, on account of injuries to, or death of, persons or damage to property of any kind, including pollution or other damage to the environment or the violation of any law, permit or regulation, arising wholly or partially out of or in connection with or resulting from any use, occupation, operation, activity, facility or presence of Lessee, its guests, invitees and visitors on or off the leased premises, including but not limited to the use by any of the same of any canals and waterways leading to, or located on, the leased premises or the breach of any provision of this lease, irrespective of any negligence, strict or absolute liability or fault of any of the Continental Indemnitees or any of them, including the concurrent and/or sole fault or negligence of any of the Continental Indemnitees. In the event of any suit or other proceeding against any of the Continental Indemnitees or any of them on account thereof, Lessee shall, at Lessor's request, appear and defend same at Lessee's own sole cost and expense, including attorneys' fees/expenses and Lessee shall pay any assessment or judgment which may be rendered against any of the Continental Indemnitees therein.

6. Lessee shall obey and comply with, and shall assure that its guests, invitees and visitors obey and comply with, all valid applicable laws, permits and regulations, shall occupy the leased premises as a careful prudent caretaker and tenant, shall maintain same at all times in a presentable condition without litter or unsightly debris, shall maintain possession thereof for Lessor and shall use the leased premises in such a manner as not to interfere with other hunters, trappers or other parties operating thereon or on adjacent property with authorization from Lessor.

7. This lease is granted subject to all existing surface leases, mineral leases, servitudes, including mineral servitudes, rights of way, permits and other contracts of whatsoever kind, whether recorded or unrecorded, affecting the leased premises, and Lessor reserves the full use and enjoyment and the right to grant to others the full use and enjoyment of the property leased herein, both surface and subsurface, for any and all purposes except those granted and to the extent granted herein. Without limiting the foregoing, Lessor reserves the right to explore, drill and mine for, and produce, remove, treat, store and transport any and all minerals and other natural resources; to hunt, fish, trap, farm, graze, dredge, fill, reclaim and improve said property; and to construct canals, roads, ditches, ponds, levees, dams, fences, buildings, pipelines, telephone and power lines, and other structures, facilities and improvements. All of the rights herein reserved by Lessor may be exercised to the fullest extent, without notice to Lessee and without Lessee's consent, it being understood, and Lessee hereby agrees and declares, that the rights herein granted Lessee are and shall be subject to any use (other than for the purposes and to the extent granted herein) to which Lessor and/or CL&F Resources LP, or those now or hereafter holding under Lessor and/or CL&F Resources LP, may have made or may in the future make of either the surface or subsurface of said property, and neither Lessor and/or CL&F Resources LP nor any party now or hereafter holding under Lessor and/or CL&F Resources LP shall have any liability to Lessee on account of any such use.

8. This lease is granted without any warranty by or recourse on Lessor whatsoever, not even for the return of the consideration. Lessor does not warrant the possession of said property as against trespassers or poachers nor will Lessor be required to undertake any action or proceeding to maintain Lessee in possession of said property. Lessee shall, however, upon obtaining the prior written consent of Lessor, have the right, as Lessee and in Lessee's name, to proceed against trespassers or poachers and to eject them by legal means, all such proceedings to be at the sole cost and expense of Lessee and without liability to Lessor. Lessee shall furnish Lessor copies of all pleadings, documents and correspondence concerning such proceedings, and in the event any party to such proceedings contests the title or possession of Lessor, Lessee shall notify Lessor immediately. Nothing herein contained, however, shall be construed as prohibiting or preventing Lessor from instituting or defending, in its own name, all such actions and other proceedings as it may desire or deem to be to its best interest, against trespassers, poachers, or other parties; and in the event of any such proceedings, Lessee shall not be deemed a necessary or indispensable party, either as plaintiff or defendant, it being understood, however, that any benefit (other than money judgments) derived from any such proceedings or actions shall inure to Lessee hereunder insofar as concerns the rights and privileges granted Lessee herein.

9. Either party hereto may, with or without cause, cancel this lease at any time by giving ten (10) days written notice to the other party; provided, however, that should Lessor cancel this lease without cause, then Lessor shall refund to Lessee a pro rata portion of the rental received for the then current term based on the unexpired portion of said term. In the event of death of any party named as a Lessee herein, this lease shall terminate immediately as to such party. The breach of any of the terms, conditions or provisions of this lease by Lessee shall be cause for immediate cancellation thereof, said cancellation to be effective immediately upon Lessor's giving Lessee written notice thereof. Upon cancellation or termination of this lease, all of Lessee's rights hereunder shall cease, and Lessee shall, within thirty (30) days thereafter, remove any and all buildings, structures, facilities and other property placed or owned by Lessee upon the leased premises and shall restore the leased premises to its original condition insofar as practicable, including remediation of any environmental contamination caused by Lessee's operations. If, upon expiration of said thirty (30) days, Lessee has failed to remove its property from the leased premises, Lessor, in addition to any other remedy Lessor may enjoy, shall have the right, at its option, to remove and/or appropriate, without the right of claim by Lessee for compensation or damages, any property of Lessee remaining on the leased premises. If Lessor elects to remove such property,

FILED
195928
FEB 28 2023
DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

FAX FILING FEB 24 2023

EXHIBIT
1

the costs of such removal as well as the cost of restoring the leased premises shall be paid by Lessee upon demand. It is specifically understood and agreed that, until such time as Lessor makes an election, and notifies Lessee thereof in writing, to either remove or appropriate Lessee's property remaining on the leased premises, such property, or any portion thereof to which Lessor has not made an election to remove or appropriate shall remain the property of Lessee and Lessee's obligation to remove such property, as well as Lessee's hold harmless and indemnity obligations set forth in paragraph 5 hereof, shall continue. The waiver of a breach of any of the terms or conditions of this lease shall be limited to the act or acts constituting such breach, and shall never be construed as being a continuing or permanent waiver of any of such terms or conditions or as a waiver of any other terms and conditions hereof, all of which shall be and remain in full force and effect notwithstanding any such waiver.

10. This lease shall supersede and replace any other surface lease between Lessor and any of the parties named as Lessee covering the leased premises, and any such other lease shall be deemed cancelled by virtue of the execution of this lease.

11. Lessee shall not assign, sublease, donate, transfer or encumber this lease or any rights therein in whole or in part.

12. If more than one party is named as Lessee herein, the party herein first named as Lessee is hereby irrevocably constituted and appointed by all other parties named Lessee to be their lawful agent and attorney in fact for the purposes of carrying out all of the terms and conditions of this lease, but for this lease only, including, but without limitation, for the purposes of receiving and giving all notices hereunder and for service of process concerning all matters arising hereunder. Any notice or other communication required or permitted under the terms and provisions hereof shall be sent to the parties hereto at the address hereinabove first set forth, and such notice or communication shall be deemed to have been received by the addressee upon deposit of same in the United States mail, postpaid.

13. (a) Governing Law. This agreement and any other related document, if any, is being executed and delivered, and is intended to be performed, in the State of Louisiana, and the laws (other than conflict of laws provisions thereof) of the State of Louisiana and of the United States of America shall govern the rights and duties of the parties and the validity, construction, enforcement, and interpretation of this agreement and each other related document, if any.

(b) Venue. The Parties hereby irrevocably submit to the jurisdiction of the courts of the State of Louisiana located in Terrebonne Parish, Louisiana, or the jurisdiction of the United States District Court for the Eastern District of Louisiana, in respect of the interpretation and enforcement of the provisions of this Agreement or any cause of action arising out of or relating to activities undertaken as a result of this Agreement and hereby waive, and agree not to assert, as a defense in any action, suit, or proceeding for the interpretation or enforcement hereof or of any such document, that it is not subject thereto or that such action, suit, or proceeding may not be brought or is not maintainable in said courts or that the venue thereof may not be appropriate or that this Agreement or any of such documents may not be enforced in or by said courts. The Parties hereto irrevocably agree that all claims with respect to such action proceeding will be heard and determined in such Terrebonne Parish State Court or Federal District Court. The Parties hereby consent to and grant any such court jurisdiction over the person of such Parties and over the subject matter of any such dispute.

14. If Lessor commences an action against Lessee to enforce the provisions (including the indemnity provision) of this Lease, or otherwise arising out of or in connection with this Lease, Lessor shall be entitled to have and recover from Lessee all reasonable expenses and charges incurred in such actions, including without limitation attorneys' fees/expenses, costs of suit, investigation costs and discovery costs, as well as costs of appeal.

IN WITNESS WHEREOF this instrument is executed in multiple originals in the presence of the undersigned witnesses.

WITNESSES:

Catherine J. Shreve, (Lessor Witness)

Andree L. Bruno (Lessor Witness)

(Print Lessee Witness Name)

(Print Lessee Witness Name)

X (Print Lessee Witness Name) Charles Hughes

X (Print Lessee Witness Name) Harold Heber Jr

CONTINENTAL LAND & FUR CO., INC.

By: ______________________

Kerri D. Battaglia, Vice President and Treasurer

Lessee: Kelly A. Sibley

225-369-7800

Lessee: Brandon A. Sibley

225-505-7991

X Lessee: Leon A. Ervin

225-505 3025

X Lessee: Jerry E. Ervin, Jr.

STATE OF LOUISIANA, PARISH OF JEFFERSON

BEFORE ME, on this day, personally appeared Catherine J. Shreve to me personally known to be the identical person whose name is subscribed to the foregoing instrument as an attesting witness, who, being first duly sworn, says that she subscribed her name to the foregoing instrument as a witness and that she knows Kerri D. Battaglia, Vice President and Treasurer of Continental Land & Fur Co., Inc. named in said instrument to be the identical person described therein and who executed the same on behalf of the corporation by authority of its Board of Directors, and acknowledged the instrument to be the free act and deed of the corporation in her presence and in the presence of other subscribing witness.

Sworn to and subscribed before me, this ___ day of July, 2020

Witness

Notary Public ;Printed Name: Marbelle S. Morel
LA Bar No. 29562 My Commission Expires with life

STATE OF HAWAII, COUNTY OF ______________

BEFORE ME, on this day, personally appeared ______________ to me personally known to be the identical person whose name is subscribed to the foregoing instrument as an attesting witness, who, being first duly sworn, says that he/she subscribed his/her name to the foregoing instrument as a witness and that he/she knows Kelly A. Sibley named in said instrument to be the identical person(s) described therein and who executed the same as (his) (their) voluntary act(s) and deed(s) in his/her presence and in the presence of the other subscribing witness.

Sworn to and subscribed before me, this _____ day of ______________, 2020.

Witness

Notary Public

(Print Name & Notarial I.D. Number)

STATE OF LOUISIANA, PARISH OF Livingston

BEFORE ME, on this day, personally appeared Brandon A Sibley, Leon A Ervin, ______________ to me personally known to be the identical person whose name is subscribed to the foregoing instrument as an attesting witness, who, being first duly sworn, says that he/she subscribed his/her name to the foregoing instrument as a witness and that he/she knows Brandon A. Sibley, Leon A. Ervin and Jerry E. Ervin, Jr. named in said instrument to be the identical person(s) described therein and who executed the same as (his) (their) voluntary act(s) and deed(s) in his/her presence and in the presence of the other subscribing witness.

Sworn to and subscribed before me, this 27th day of June, 2020.

X ______________
Witness

Notary Public

Devon London 157875

(Print Name & Notarial I.D. Number)

OFFICIAL SEAL
DEVON LONDON
NOTARY ID # 157875
STATE OF LOUISIANA
PARISH OF LIVINGSTON
My Commission is for Life

Surface Lease 8433

T18S–R14E

K. Sibley

Terrebonne Parish

SOUTH 8" PIPELINE

PIPELINE

BAYOU PENCHANT

CARENCRO

8433

13 18 17 21 24 19 20 23 2 26 25 30 29 28 27

Page 4/8 CIVIL, 0195928, Transaction Date: 02/28/2023

# SURFACE LEASE

No. 8433

THIS LEASE entered into as of the 1st day of August, 2020, between CONTINENTAL LAND & FUR CO., INC., a Delaware corporation, whose address for purposes of this lease is 111 Veterans Memorial Boulevard, Suite 500, Metairie, Louisiana 70005-3099 (herein called "Lessor"), and Kelly A. Sibley, Brandon A. Sibley, Leon A. Ervin and Jerry B. Ervin, Jr. whose address for purposes of this lease is 5159 Beige Street, Jacksonville, Florida 32258 and 1778 Ala Moana Blvd., Honolulu, Hawaii 96815 and whose telephone number is 904-518-0627 (herein called "Lessee").

## WITNESSETH

1. In consideration of the rental herein provided and the obligations assumed by Lessee herein, but subject to the conditions hereinafter set forth, Lessor does hereby lease and let unto Lessee, for a term beginning on the effective date hereof and terminating one (1) year from such date, for the sole and only purpose of maintaining a camp and facilities, the surface of the following described property, which Lessee acknowledges to be owned by Lessor, situated in Terrebonne Parish, Louisiana, to-wit:

Commencing at the southwest corner of surface lease, said point being the Point of Beginning having Latitude and Longitude coordinates of N29°28'33.64" and W91°04'18.53"; Thence, continue in a northerly direction to the northwest corner of surface lease having Latitude and Longitude coordinates of N29°28'34.41" and W91°04'19.49"; Thence, continue in an easterly direction to the northeast corner of surface lease having Latitude and Longitude coordinates of N29°28'34.82" and W91°04'18.76"; Thence, continue in a southerly direction to the southeast corner of surface lease having Latitude and Longitude coordinates of N29°28'33.60" and W91°04'17.56"; Thence, continue in a westerly direction to the southwest corner of surface lease, being the Point of Beginning and located in Section 30, T18S-R14E. Said property measures approximately 130 feet along the east bank of the Superior No. 3 well canal by a depth of approximately 160 feet.

The approximate location of said property is additionally illustrated in red on the plat attached hereto.

2. Upon the execution hereof, Lessee has paid Lessor, as rent for the one (1) year term hereof, the sum of $130.00 cash. Lessee shall have the option to renew this lease from year to year, for a maximum period not to exceed a total of three (3) years from the effective date hereof, upon the same terms and conditions and for the same rental hereinabove set forth unless Lessor shall have notified Lessee, at least ten (10) days prior to the expiration of the then current term, of amended terms and conditions, including an increase or decrease in rental, in which event the option to renew shall be upon the then current terms and conditions, including rental, as so amended by said notice. If Lessor has not received the renewal rent prior to the expiration of the then current term, Lessee shall be deemed to have elected not to renew this lease for the succeeding year, and this lease will immediately and automatically terminate.

3. All of the rights granted Lessee in this agreement are solely for the benefit of Lessee and Lessee's guests, invitees and visitors, and Lessee shall be and remain entirely responsible for such guests, invitees and visitors and all actions by any of them; provided, however, that Lessee shall not permit any person to exercise any of such rights or even to go upon the leased premises unless such person is accompanied on the leased premises at all times by a party named as Lessee or unless such person holds written authorization from Lessor; and Lessee shall conduct no commercial operations on the leased premises nor make any charge for the exercise of any of the privileges herein granted.

4. Lessee may maintain existing ditches and ponds on the leased premises and shall maintain any existing buildings, facilities or other constructions owned or placed on the leased premises by Lessee or a prior Lessee for similar purposes of this lease, but, except as may otherwise be provided herein, Lessee shall not construct any additional buildings, levees, dams, fences, or other structures or facilities on the leased premises, nor dredge or dig any additional canals, ditches or ponds thereon, nor otherwise change or alter the leased premises in any manner without first submitting plans and specifications therefor to Lessor and obtaining Lessor's prior written consent thereto. In the event any buildings, facilities or other constructions located on Lessor's property in connection with this lease should extend in whole or in part beyond the perimeter boundaries of the lease premises as described in Paragraph 1, such building, facility or other construction shall nevertheless be deemed part of the lease premises hereunder subject to all terms and provisions of this lease. Lessee shall not use, or permit the use of, air boats, marsh buggies or helicopters upon the leased premises without the prior written consent of Lessor; nor shall Lessee create any nuisance or disturbance on the leased premises. Lessee shall have the right to use, but not exclusively, the existing canals and waterways on Lessor's property that are open for navigation for ingress and egress in connection with this lease.

5. Lessee accepts the leased premises and all canals and waterways leading thereto and located thereon in their present condition, and Lessor shall not be responsible for damage of any kind to any person or property upon the leased premises or upon any other property of Lessor, however occasioned. Lessee further agrees that it will, during the term hereof and thereafter, release, protect, defend, indemnify and hold Continental Land & Fur Co., Inc., CL&F Resources LP, and Piquant, Inc., and any of their respective affiliates and subsidiaries and the directors, officers, employees, temporary workers, invitees, contractors, subcontractors, agents, representatives, shareholders, general partners and limited partners of each of the same (collectively the "Continental Indemnitees") harmless from and against any and all loss, damage, liability, cost or expense, including fines, penalties and reasonable attorneys' fees, on account of injuries to, or death of, persons or damage to property of any kind, including pollution or other damage to the environment or the violation of any law, permit or regulation, arising wholly or partially out of or in connection with or resulting from any use, occupation, operation, activity, facility or presence of Lessee, its guests, invitees and visitors on or off the leased premises, including but not limited to the use by any of the same of any canals and waterways leading to, or located on, the leased premises or the breach of any provision of this lease, irrespective of any negligence, strict or absolute liability or fault of any of the Continental Indemnitees or any of them, including the concurrent and/or sole fault or negligence of any of the Continental Indemnitees. In the event of any suit or other proceeding against any of the Continental Indemnitees or any of them on account thereof, Lessee shall, at Lessor's request, appear and defend same at Lessee's own sole cost and expense, including attorneys' fees/expenses and Lessee shall pay any assessment or judgment which may be rendered against any of the Continental Indemnitees therein.

6. Lessee shall obey and comply with, and shall assure that its guests, invitees and visitors obey and comply with, all valid applicable laws, permits and regulations, shall occupy the leased premises as a careful prudent caretaker and tenant, shall maintain same at all times in a presentable condition without litter or unsightly debris, shall maintain possession thereof for Lessor and shall use the leased premises in such a manner as not to interfere with other hunters, trappers or other parties operating thereon or on adjacent property with authorization from Lessor.

7. This lease is granted subject to all existing surface leases, mineral leases, servitudes, including mineral servitudes, rights of way, permits and other contracts of whatsoever kind, whether recorded or unrecorded, affecting the leased premises, and Lessor reserves the full use and enjoyment and the right to grant to others the full use and enjoyment of the property leased herein, both surface and subsurface, for any and all purposes except those granted and to the extent granted herein. Without limiting the foregoing, Lessor reserves the right to explore, drill and mine for, and produce, remove, treat, store and transport any and all minerals and other natural resources; to hunt, fish, trap, farm, graze, dredge, fill, reclaim and improve said property; and to construct canals, roads, ditches, ponds, levees, dams, fences, buildings, pipelines, telephone and power lines, and other structures, facilities and improvements. All of the rights herein reserved by Lessor may be exercised to the fullest extent, without notice to Lessee and without Lessee's consent, it being understood, and Lessee hereby agrees and declares, that the rights herein granted Lessee are and shall be subject to any use (other than for the purposes and to the extent granted herein) to which Lessor and/or CL&F Resources LP, or those now or hereafter holding under Lessor and/or CL&F Resources LP, may have made or may in the future make of either the surface or subsurface of said property, and neither Lessor and/or CL&F Resources LP nor any party now or hereafter holding under Lessor and/or CL&F Resources LP shall have any liability to Lessee on account of any such use.

8. This lease is granted without any warranty by or recourse on Lessor whatsoever, not even for the return of the consideration. Lessor does not warrant the possession of said property as against trespassers or poachers nor will Lessor be required to undertake any action or proceeding to maintain Lessee in possession of said property. Lessee shall, however, upon obtaining the prior written consent of Lessor, have the right, as Lessee and in Lessee's name, to proceed against trespassers or poachers and to eject them by legal means, all such proceedings to be at the sole cost and expense of Lessee and without liability to Lessor. Lessee shall furnish Lessor copies of all pleadings, documents and correspondence concerning such proceedings, and in the event any party to such proceedings contests the title or possession of Lessor, Lessee shall notify Lessor immediately. Nothing herein contained, however, shall be construed as prohibiting or preventing Lessor from instituting or defending, in its own name, all such actions and other proceedings as it may desire or deem to be to its best interest, against trespassers, poachers, or other parties; and in the event of any such proceedings, Lessee shall not be deemed a necessary or indispensable party, either as plaintiff or defendant, it being understood, however, that any benefit (other than money judgments) derived from any such proceedings or actions shall inure to Lessee hereunder insofar as concerns the rights and privileges granted Lessee herein.

9. Either party hereto may, with or without cause, cancel this lease at any time by giving ten (10) days written notice to the other party; provided, however, that should Lessor cancel this lease without cause, then Lessor shall refund to Lessee a pro rata portion of the rental received for the then current term based on the unexpired portion of said term. In the event of death of any party named as a Lessee herein, this lease shall terminate immediately as to such party. The breach of any of the terms, conditions or provisions of this lease by Lessee shall be cause for immediate cancellation thereof, said cancellation to be effective immediately upon Lessor's giving Lessee written notice thereof. Upon cancellation or termination of this lease, all of Lessee's rights hereunder shall cease, and Lessee shall, within thirty (30) days thereafter, remove any and all buildings, structures, facilities and other property placed or owned by Lessee upon the leased premises and shall restore the leased premises to its original condition insofar as practicable, including remediation of any environmental contamination caused by Lessee's operations. If, upon expiration of said thirty (30) days, Lessee has failed to remove its property from the leased premises, Lessor, in addition to any other remedy Lessor may enjoy, shall have the right, at its option, to remove and/or appropriate, without the right of claim by Lessee for compensation or damages, any property of Lessee remaining on the leased premises. If Lessor elects to remove such property,

- 1 -

the costs of such removal as well as the cost of restoring the leased premises shall be paid by Lessee upon demand. It is specifically understood and agreed that, until such time as Lessor makes an election, and notifies Lessee thereof in writing, to either remove or appropriate Lessee's property remaining on the leased premises, such property, or any portion thereof to which Lessor has not made an election to remove or appropriate shall remain the property of Lessee and Lessee's obligation to remove such property, as well as Lessee's hold harmless and indemnity obligations set forth in paragraph 5 hereof, shall continue. The waiver of a breach of any of the terms or conditions of this lease shall be limited to the act or acts constituting such breach, and shall never be construed as being a continuing or permanent waiver of any of such terms or conditions or as a waiver of any other terms and conditions hereof, all of which shall be and remain in full force and effect notwithstanding any such waiver.

10. This lease shall supersede and replace any other surface lease between Lessor and any of the parties named as Lessee covering the leased premises, and any such other lease shall be deemed cancelled by virtue of the execution of this lease.

11. Lessee shall not assign, sublease, donate, transfer or encumber this lease or any rights therein in whole or in part.

12. If more than one party is named as Lessee herein, the party herein first named as Lessee is hereby irrevocably constituted and appointed by all other parties named Lessee to be their lawful agent and attorney in fact for the purposes of carrying out all of the terms and conditions of this lease, but for this lease only, including, but without limitation, for the purposes of receiving and giving all notices hereunder and for service of process concerning all matters arising hereunder. Any notice or other communication required or permitted under the terms and provisions hereof shall be sent to the parties hereto at the address hereinabove first set forth, and such notice or communication shall be deemed to have been received by the addressee upon deposit of same in the United States mail, postpaid.

13. (a) Governing Law. This agreement and any other related document, if any, is being executed and delivered, and is intended to be performed, in the State of Louisiana, and the laws (other than conflict of laws provisions thereof) of the State of Louisiana and of the United States of America shall govern the rights and duties of the parties and the validity, construction, enforcement, and interpretation of this agreement and each other related document, if any.

(b) Venue. The Parties hereby irrevocably submit to the jurisdiction of the courts of the State of Louisiana located in Terrebonne Parish, Louisiana, or the jurisdiction of the United States District Court for the Eastern District of Louisiana, in respect of the interpretation and enforcement of the provisions of this Agreement or any cause of action arising out of or relating to activities undertaken as a result of this Agreement and hereby waive, and agree not to assert, as a defense in any action, suit, or proceeding for the interpretation or enforcement hereof or of any such document, that it is not subject thereto or that such action, suit, or proceeding may not be brought or is not maintainable in said courts or that the venue thereof may not be appropriate or that this Agreement or any of such documents may not be enforced in or by said courts. The Parties hereto irrevocably agree that all claims with respect to such action proceeding will be heard and determined in such Terrebonne Parish State Court or Federal District Court. The Parties hereby consent to and grant any such court jurisdiction over the person of such Parties and over the subject matter of any such dispute.

14. If Lessor commences an action against Lessee to enforce the provisions (including the indemnity provision) of this Lease, or otherwise arising out of or in connection with this Lease, Lessor shall be entitled to have and recover from Lessee all reasonable expenses and charges incurred in such actions, including without limitation attorneys' fees/expenses, costs of suit, investigation costs and discovery costs, as well as costs of appeal.

IN WITNESS WHEREOF this instrument is executed in multiple originals in the presence of the undersigned witnesses.

WITNESSES: CONTINENTAL LAND & FUR CO., INC.

Catherine J. Shreve (Lessor Witness) By: Kerri D. Battaglia, Vice President and Treasurer

Andrée L. Bruno (Lessor Witness)

Print Lessee Witness Name: Nohealani Gonzales Lessee: Kelly A. Sibley

Print Lessee Witness Name: ______ Lessee: Brandon A. Sibley

Print Lessee Witness Name: ______ Lessee: Leon A. Ervin

Print Lessee Witness Name: ______ Lessee: Jerry E. Ervin, Jr.

STATE OF LOUISIANA, PARISH OF JEFFERSON

BEFORE ME, on this day, personally appeared Catherine J. Shreve to me personally known to be the identical person whose name is subscribed to the foregoing instrument as an attesting witness, who, being first duly sworn, says that she subscribed her name to the foregoing instrument as a witness and that she knows Kerri D. Battaglia, Vice President and Treasurer of Continental Land & Fur Co., Inc. named in said instrument to be the identical person described therein and who executed the same on behalf of the corporation by authority of its Board of Directors, and acknowledged the instrument to be the free act and deed of the corporation in her presence and in the presence of other subscribing witness.

Sworn to and subscribed before me, this 17 day of July 2020 ______ Witness

Notary Public Printed Name: Marcelle S. Morel
LA Bar No. 29502 My Commission Expires with life

STATE OF HAWAII, COUNTY OF Honolulu

BEFORE ME, on this day, personally appeared Kelly A. Sibley to me personally known to be the identical person whose name is subscribed to the foregoing instrument as an attesting witness, who, being first duly sworn, says that he/she subscribed his/her name to the foregoing instrument as a witness and that he/she knows Kelly A. Sibley named in said instrument to be the identical person(s) described therein and who executed the same as (his) (their) voluntary act(s) and deed(s) in his/her presence and in the presence of the other subscribing witness.

Sworn to and subscribed before me, this 24th day of June 2020. ______ Witness

Notary Public Richard K. Proctor 13-418
(Print Name & Notarial I.D. Number)

Richard K. Proctor
Notary Public, State of Hawaii
My Commission expires: 01/06/2022

RICHARD K. PROCTOR NOTARY PUBLIC Comm. No 13-476 STATE OF HAWAII

STATE OF LOUISIANA, PARISH OF ______

BEFORE ME, on this day, personally appeared ______ to me personally known to be the identical person whose name is subscribed to the foregoing instrument as an attesting witness, who, being first duly sworn, says that he/she subscribed his/her name to the foregoing instrument as a witness and that he/she knows Brandon A. Sibley, Leon A. Ervin and Jerry E. Ervin, Jr. named in said instrument to be the identical person(s) described therein and who executed the same as (his) (their) voluntary act(s) and deed(s) in his/her presence and in the presence of the other subscribing witness.

Sworn to and subscribed before me, this ____ day of ______ 2020. X ______ Witness

Notary Public

(Print Name & Notarial I.D. Number)

Surface Lease 8433

T18S–R14E

17 18 13 20 19 24 23 2 21 29 30 25 26 27 28 2

SOUTH 8" PIPELINE

Parish

CONTINENTAL LAND & FUR CO., INC.
111 VETERANS MEMORIAL BOULEVARD, SUITE 500
METAIRIE, LOUISIANA 70005-3099
PHONE 504/378-9378 WWW.CLF-CO.COM

July 20, 2022

**Sent VIA:**
**Regular U.S. Mail and**
**Certified Mail No. 7018 1830 0000 4514 5603**

Mr. Kelly Sibley
2305 Gilmerton Road
Chesapeake, VA 23323

Re: Surface Lease No. 8433
Waterfowl Lease No. 8430
**Terrebonne Parish, LA**

Dear Mr. Sibley:

By this letter, Continental Land & Fur Co., Inc. ("CL&F"), pursuant to its right under Paragraph 9 of the referenced Surface Lease and Paragraph 10 of the referenced Waterfowl Hunting Lease, hereby gives notice to you, as a lessee under both of the Leases, and as the designated agent for receipt of Lessor notices for all other lessees under both of the Leases, that the Leases, and all rights of the lessees under them, are cancelled effective as of the tenth day after the date of this letter. CL&F firmly believes that it has cause to cancel the Leases immediately on account of Lessee misconduct and certain violation of the terms of the Leases, but it prefers to simply cancel the Leases by invoking its lease right to do that on ten days notice to the Lessees under them through this letter.

By virtue of this cancelation notice, no lessee under the Leases shall have any right to be on the premises covered by the leases after the effective date of this cancelation notice for any purpose other than compliance by the lessees with their assumed obligations to Lessor provided in Paragraph 9 of the Surface Lease. As stated in that Paragraph: "Lessee shall, within thirty (30) days thereafter (i.e. after cancellation date), remove any and all buildings, structures, facilities and other property placed or owned by Lessee upon the leased premises and shall restore the leased premises to its original condition insofar as practicable, including remediation of any environmental contamination caused by Lessee's operations." If Lessee fails to comply with that obligation, and CL&F is required to restore the leased premises, then in accordance with the terms of Surface Lease 8433 and Waterfowl Lease 8430, you shall reimburse us for all costs associated therewith.

Please coordinate your clean-up operations if any, with our Surface Manager, Dwayne Crawford 985-575-3484.

Regards,

Charles F. Seibert IV
Treasurer and Secretary

CFS/cjs
cc: Mr. Brandon A. Sibley, 17517 Cline Drive, Maurepas, LA 70449
Mr. Leon A. Ervin, 30460 Edna Kinchen Rd., Holden, LA 70744
Mr. Jerry Ervin, 21349 LA-16, Denham Springs, LA 70726
Mr. Dwayne Crawford, Mr. Greg Linscombe-Continental Land & Fur Co., Inc.

FILED
195928
FEB 28 2023
DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

FAX FILING FEB 24 2023

EXHIBIT
2

CONTINENTAL LAND & FUR CO., INC.
111 VETERANS MEMORIAL BOULEVARD, SUITE 500
METAIRIE, LOUISIANA 70005-3099
PHONE 504/378-9378 WWW.CLF-CO.COM

February 9, 2023

**Regular U.S. Mail and**
**Certified Mail No. 7018 1830 0000 4514 5726**
Mr. Kelly Sibley
2305 Gilmerton Road
Chesapeake, VA 23323

Re: Surface Lease No. 8433
Removal of Houseboat
**Terrebonne Parish, LA**

Dear Mr. Sibley:

This letter is written as a follow-up to our letter addressed to you dated July 20, 2022, copy of which is enclosed.

By our letter to you dated July 20, 2022, and in connection with the notice of cancellation of your surface lease with us given to you by that letter, we made demand on you, individually and as designated agent for all lessees under that surface lease, to remove all personal property that you, or any of the other lessees, placed on the surface lease premises. That removal demand covered the houseboat type structure that you or the other lessees had placed, or caused to be placed, on our property and which remains on the cancelled surface lease premises as of this writing.

As you and the other lessees have no authorization from us to have that houseboat type structure on any of our property, and you and the other lessees have failed and refused to remove it in response to our demand made last July, you and the other lessees are hereby informed that we intend to initiate the removal of that houseboat type structure from our property and dispose of the same, as is our right under applicable Louisiana law in these circumstances. That law also provides that neither you or the other cancelled surface lease lessees, nor the actual owner of that houseboat type structure, if someone other than you or the cancelled surface lease lessees, will be entitled to any compensation on account of that removal and disposal by us, and instead you and the other lessees will be accountable to us for all costs and expenses that we incur in that respect.

We intend to commence that removal and disposal process at any time fifteen days after the date of this letter. We will, however, allow you or any of the other lessees under the cancelled surface lease to remove the houseboat type structure from our property within fifteen days of the date of this letter, provided you or they first contact Dwayne Crawford, our property manager, at 985-790-1397 to give him forty-eight hours prior notice of your intended removal, and coordinate access with him for that purpose. Any removal of the same by you or any of the other lessees, if undertaken within that fifteen day period, will be at the sole cost, risk and expense of all lessees under the cancelled surface lease, and will be subject to all applicable terms and provisions regarding your or their presence on our property for removal purposes, as provided in that lease.

Yours very truly,

[signature]

Charles F. Seibert IV
Treasurer and Secretary

Enclosure
cc: Mr. Brandon A. Sibley, 17517 Cline Drive, Maurepas, LA 70449
Mr. Leon A. Ervin, 30460 Edna Kinchen Rd., Holden, LA 70744
Mr. Jerry Ervin, 21349 LA-16, Denham Springs, LA 70726
Mr. Dwayne Crawford, Mr. Greg Linscombe-Continental Land & Fur Co., Inc.

FILED
195928
FEB 28 2023
[signature]
DEPUTY CLERK OF COURT
PARISH OF TERREBONNE, LA

EXHIBIT
tabbies
3

FAX FILING FEB 24 2023