# IN THE 32ND JUDICIAL DISTRICT COURT
# FOR THE PARISH OF TERREBONNE
# STATE OF LOUISIANA

CONTINENTAL LAND AND FUR, )   Case No. 195928
*PETITIONER,* )
V )
BRANDON SIBLEY, )
*DEFENDANT.* )
_____/

## MOTION TO STAY PROCEEDINGS

**COMES NOW,** Defendant, Brandon Sibley, pursuant to **Art. 532**, La Rules of Civil Procedure, to move this Honorable Court to stay proceedings in this action with cause; Civil Action **C-7300571** in the 19th Judicial District has been filed against Continental Land and Fur, and this action includes breach of contract, tortious interference, and a negligence claim against the Petitioner.

## LA. R. CIV. P. ART. 532

1. Article 532 states, "When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same transaction or occurrence, between the same parties in the same capacities, on motion of the defendant or on its own motion, the court may stay all proceedings in

**EXHIBIT B**

the second suit until the first has been discontinued or final judgment has been rendered."

2. While Petitioner did file their "complaint" first, Petitioners were aware of the complaint being compiled by the Defendant since July 17th 2022. [1]

3. Defendant is a pro se litigant and while the Petitioner may have thought it was vague threats, the facts and evidence of the situation is that the Defendant spent 7 months reading Louisiana Case Law and the rules of civil procedure in preparation of drafting a well-written complaint.

WHEREFORE, the Defendant, ask this Honorable Court to Stay the proceedings until the due course of justice is performed within a Court of competent Jurisdiction.

*[signature]*

**Brandon Sibley** *pro se*

---

[1] Exhibit A- Tort Letter

## CERTIFICATE OF SERVICE

UNDER PENALTY OF PERJURY, I CERTIFY that a copy of the foregoing was provided by regular U.S. mail to Charles D. Marshall at 1100 Poydras Street, 2300 Energy Centre, New Orleans, La 70163-2300.

_____
Brandon Sibley, *pro se*
17517 Cline Drive
Maurepas, La 70449

IN THE 32ND JUDICIAL DISTRICT COURT

FOR THE PARISH OF TERREBONNE

STATE OF LOUISIANA

| | |
|---|---|
| **CONTINENTAL LAND AND FUR,** ) <br> *PETITIONER,* ) <br> V ) <br> **BRANDON SIBLEY,** ) <br> *DEFENDANT.* ) <br> _____ / | Case No. 195928 |

## ORDER

HAVING CONSIDERED, the *Motion to Stay Proceedings* by Defendant, Brandon Sibley;

IT IS HEREBY ORDERED, that Defendant's motion is granted, and further proceedings shall not commence in this action until final judgement is rendered in Civil Action No. **C-7300571.**

Signed on this ____ day of _____, 2023 in _____, Louisiana.

_____

32nd Judicial District Judge

Brandon Sibley
17517 Cline Drive
Maurepas, Louisiana 70449
225-369-7806

IN RE: DEWAYNE CRAWFORD, CONTINENTAL LAND AND FUR EMPLOYEE

To whom it may concern,

This cover letter is an attempt to avoid litigation for the irreparable harm and injury caused by Dewayne Crawford on or about the date of April 30th 2022. Your employee Dewayne Crawford on or about the aforementioned date trespassed private property owned exclusively by myself (Brandon Sibley).

While the trespass of property is in and of itself reprehensible, the timeline of events and intentions of Dewayne Crawford leads me to believe that his actions are malicious in nature and therefore have opened Continental Land and Fur to major liability.

Whether from incompetence, ignorance, wanton disregard, or a combination of all three, Dewayne Crawford worked a chilling and deterring of Brandon Sibley's constitutionally secured rights, namely §4. Right to Property and §5. Right to Privacy. (Louisiana Constitution of 1974)

It is a FACT that this violation is a breach of contractual terms and limitations by Continental Land and Fur, by and through its employee Dewayne Crawford.

On or about the date of April 30th Dewayne Crawford boarded and searched property exclusively owned and maintained by Brandon Sibley. Illegally and unlawfully, Dewayne Crawford searched the property. Upon search of the property Dewayne Crawford assumed he

had found evidence of a crime, absent of any firsthand witness and testimony, or any supernatural clairvoyance unbeknownst to the rest of mankind, Dewayne Crawford committed an overt act in furtherance of his trespass of property by conspiring with others to deprive myself of constitutionally secured rights.

Dewayne Crawford conspired with agents working for the State of Louisiana in the office of Wildlife and Fisheries. Wildlife and Fisheries joined the deprivation of rights by searching and adversely possessing property belonging to Brandon Sibley, absent of any legal or lawful authority to do so. Wildlife and Fisheries trespassed the property, without an affidavit of probable cause from any first-hand witnesses, and completed a warrantless search and seizure of my property.

Injury, causation, and redressability is what is at stake here and Dewayne Crawford is the causation of all breaches of duty, by all parties involved, whom illegally and unlawfully trespassed property belonging to Brandon Sibley. There could in fact be no injury, breach of contract, and conspiracy to deprive constitutionally secured rights absent of any legal or lawful authority, without Dewayne Crawford's initial breach of duties.

Brandon Sibley on the date of July 16th, called Dewayne Crawford and extended an olive branch towards him and that olive branch was vehemently denied in a childlike filled temper tantrum. Dewayne Crawford stated "He can do whatever he wants on continental land and fur property and that Brandon Sibley's property was Continental Land and Furs". Dewayne Crawford admitted to trespass, searching, and ultimately conspiring to deprive Brandon Sibley of his privacy and property rights. I had every intention of washing my hands with the events but I

unfortunately cannot do so now. Dewayne Crawford is neither competent enough or intelligent enough to handle business affairs like an adult and cannot grasp that the unlawful and illegal trespass of property is criminal. I allege and intend to prove that the conduct by Dewayne Crawford is malicious in intent and motivated by a wish to void the contract between Continental Land and Fur and the four lessees. If Dewayne Crawford's conduct is driven by evil motive or intent, or it involved a reckless or callous indifference to the constitutional rights of others, the conduct therefore is liable for punitive damages.

Attached to this cover letter will be a few causes of action Dewayne Crawford has made Continental Land and Fur civilly liable for due to his blatant disregard for the rule of law. Also included is a timeline of events. The outline is a rough draft and does not include the full extent of possible causes of action but will list the three most important issues. Included is simple common law causes of action that all reasonable men should be aware of.

There is no solution forward without the causation of the violations involving Dewayne Crawford. Even if I were to only involve Wildlife and Fisheries in a suit, a motion to amend the complaint to include all parties would include Dewayne Crawford and Continental Land and Fur.

This was the purpose of my call to Dewayne, to explain legal and lawful procedure but ultimately my good faith effort failed. I pray that the rest of Continental Land and Fur are not of the same ignorant mindset and do not condone this behavior by their employees.

It is alarming that the "caretaker" of Continental Land and Fur's property interest doesn't know that negligence and tortious interference are civilly pursuable causes of action, and that depriving lessees of life, liberty, and property constitutes irreparable harm and injury.

I extend the same olive branch to Continental Land and Fur at this time in regards to the contractual parties finding a solution which does not require me to be litigious. I hope that we can find a resolution and I am more than willing to find a mutually agreeable decision between the two parties involved.

I cannot in good conscience make anymore concessions regarding the continued employment of Dewayne Crawford.

I have commitments in Westwego on the 19th, 20th, and 26th of this month where I am available to meet at your offices concerning this issue. The times available will be from 1 pm. in the afternoon until 3 pm.

Sincerely,

Brandon Sibley