## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BRANDON SIBLEY**                                            **CIVIL ACTION**

**VS**                                                        **No. 23-375-SDD-SDJ**

**CONTINENTAL LAND & FUR CO.,**
**INC., ET AL.**

---

### NOTICE

        Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

        In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

        **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

        Signed in Baton Rouge, Louisiana, on February 23, 2024.

 

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON SIBLEY

VERSUS

CONTINENTAL LAND AND FUR CO.,
INC., ET AL.

CIVIL ACTION

No. 23-375-SDD-SDJ

---

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand filed by Defendants Continental Land & Fur Co., Inc., Paul Loveless, and Dwayne[1] Crawford (collectively "CL&F Defendants")[2] on June 8, 2023 (R. Doc. 4). The Motion is opposed by Plaintiff (R. Docs. 7 and 8), but unopposed by Removing Defendant State of Louisiana.

### I.      Background

Plaintiff initiated this action in the 19th Judicial District of Louisiana, bringing claims under the Louisiana Constitution, Louisiana tort law, the United States Constitution, and 42 U.S.C. §1983. Plaintiff's complaints arise from a lease dispute and property seizure. Though the terms are not clear in the Petition, it seems Plaintiff was leasing property from Continental Land & Fur on which he kept his fishing camp houseboat. (R. Doc. 1-2 at ¶20, 41). After several discussions between Plaintiff and Defendant Dwayne Crawford, Plaintiff received a notice of cancellation of the lease due to violation of the terms on July 20, 2022. (R. Doc. 1-2 at ¶41-2). On February 11, 2023, Plaintiff received a letter from Continental Land & Fur, indicating that they would begin the

---

[1] Spelled variably "Dewayne", "Duane", and "Dwayne" throughout the record.
[2] That is, all Defendants who have made an appearance in this matter *except* the State of Louisiana through the Department of Wildlife and Fisheries.

process of removing Plaintiff's houseboat from the property and disposing of it. (R. Doc. 1-2 at ¶46).

Around the same time discussions were taking place between Plaintiff and Defendant Crawford, Plaintiff alleges that Crawford informed the Louisiana Department of Wildlife and Fisheries that there was an alligator head at Plaintiff's houseboat. (R. Doc. 1-2 at ¶32). Plaintiff alleges that on or about April 30, 2022, a representative of LDWF entered his property without a warrant, searched, and seized an alligator head. (R. Doc. 1-2 at ¶52).

As to the CL&F Defendants, Plaintiff asserts claims of breach of contract, tortious interference, and negligence related to unauthorized entry and seizure of his property. (R. Doc. 1-2 at 17-22). As to the alleged search and seizure of property by LDWF agents, Plaintiff alleges violations of his Fourth Amendment rights and accordingly brings a claim under 42 U.S.C. §1983. (R. Doc. 1-2 at 13-17). Furthermore, Plaintiff asserts that Defendant Crawford is an essential party to this claim, as without his information, LDWF would not have searched or seized Plaintiff's property. (R. Doc. 1-2 at ¶32).

The action was removed to this Court by Defendant State of Louisiana through LDWF, citing federal subject matter jurisdiction conferred by the §1983 claim. (R. Doc. 1). CL&F Defendants filed the instant Motion to Remand, opposing the removal on the grounds that they did not consent to removal. (R. Doc. 4-1 at 3). In the alternative, CL&F Defendants request that the Court sever and remand the claims against the CL&F Defendants because they are not sufficiently related to the federal law claim to merit the Court's supplemental jurisdiction. (R. Doc. 4-1 at 3-

5). Notably, Plaintiff opposes the Motion to Remand.[3] Removing Defendant, however, has *not* filed an opposition to remand.

## II.    Discussion

"When a civil action is removed solely under section 1441(a),[4] all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. §1446(b)(2)(A). If a defendant is served after the case is removed by another defendant, the later-served defendant may still either accept the removal or exercise its right to choose the state forum by making a motion to remand. *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988). *See also* 28 U.S.C. § 1448, which states in relevant part: "This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case."

In its Notice of Removal, the State of Louisiana through the LDWF asserted that to its knowledge no other defendant had yet been served. (R. Doc. 1 at ¶5). Whether they had been served at the time of removal or not,[5] CL&F defendants neither signed on to the original petition for removal nor filed a subsequent notice of consent to removal. Instead, the CL&F defendants oppose removal and exercised that opposition through their right to move to remand. (R. Doc. 4).

---

[3] Plaintiff simultaneously filed two oppositions to the Motion to Remand, styled as "Reply Brief in Opposition to Motion to Remand" (R. Doc. 7) and "Memorandum for Reply Brief in Opposition to Motion to Remand" (R. Doc. 8). In their Reply Memorandum, CL&F Defendants oppose the use of multiple oppositions. (R. Doc. 14 at 1, fn.1). Given Plaintiff's pro se status and that the two oppositions were filed on the same day, the Court treats the Reply Brief and Memorandum as one single opposition to the Motion to Remand.
[4] I.e., "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States…." 28 U.S.C. §1441(a).
[5] CL&F Defendants note that they were served one week *prior* to LDWF's Notice of Removal, but they indicate that such service may have been insufficient. (R. Doc. 4-1 at 4, fn.4).

Removing Defendant LDWF presents no opposition. Therefore, the Court determines that removal lacked unanimity among the defendants, and the matter shall be remanded to State court.

While Plaintiff filed oppositions to the Motion to Remand, the Court nonetheless remands for two reasons. First, Plaintiff has no grounds on which to oppose remand. Plaintiff exercised his choice of forum when he filed his petition in State court. Just as plaintiffs cannot remove after having chosen their forum in a state court, so too here Plaintiff's opposition to remand is moot. *See* Wright & Miller, § 3730 Procedure for Removal—Who May Seek Removal, 14C Fed. Prac. & Proc. Juris. § 3730 (Rev. 4th ed.). Second, Plaintiff's opposition to remand appears largely based on the assumption that remand of the entire matter or only of the claims against the CL&F defendants would deprive Plaintiff of the ability to litigate these claims. (R. Doc. 7 at 2). Remand is not, as Plaintiff fears, an attempt to dismiss the claims, but instead will return the case to State court, where Plaintiff originally filed it.

## III.    Conclusion

For the reasons given above, the undersigned **RECOMMENDS** that the Motion to Remand (R. Doc. 4) be **GRANTED** and the matter **REMANDED** to the 19th Judicial District of Louisiana.

Signed in Baton Rouge, Louisiana, on February 26, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**